## Goldberg *v.* Friedrich, Appellant.

*Negligence—Child labor—Act of May 13, 1915, P. L. 286—Pleading—Statutes—Amendment—Cause of action.*

1. Public statutes need not be pleaded or proved, inasmuch as the courts take judicial notice of them.

2. Where the facts relied upon bring a case within the statute, it is not necessary to plead it.

3. Where the controlling facts are all stated, and the statement is otherwise sufficient, any amendment thereto leaves the cause of action unchanged.

4. Where, in an action of trespass for injuries to a child, the original statement contains sufficient averments to bring the case within the Child Labor Act of May 13, 1915, P. L. 286, the act need not be pleaded.

5. If after the expiration of two years from the date of the injury, the statement is amended by averring specifically the violation of the act, the effect of the amendment is not to change the cause of action, but merely to explain or amplify what was already stated as the cause of action.

6. The tests to be applied on amendment are: Would a judgment bar any further action; does the same measure of damages support both; is the same defense open in each, and is the same measure of proof required?

Argued January 11, 1924.  Appeal, No. 72, Jan. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1919, No. 3401, on verdict for plaintiff, in case of Louis Goldberg, by his father and next friend, Max Goldberg, v. John Friedrich.  Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.  Affirmed.

Trespass for personal injuries.  Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,000.  Defendant appealed.

*Errors assigned* were allowance of amendment and refusal of defendant's motion for judgment n. o. v., quoting record.

*Wm. W. Smithers,* for appellant.—The amended statement having been filed more than two years after the injury and showing by its terms a change from both the law and the essential recovery facts set up in the original statement as a basis of defendant's liability and cause of action to another law and different essential facts for recovery which alone entered into the trial and resulted in the verdict, judgment should now be entered in favor of defendant on the whole record: Allen v. R. R., 229 Pa. 97; Hogarty v. Ry., 255 Pa. 236; Mays v. Gas Co., 268 Pa. 325; Card v. Provision Co., 253 Pa. 575.

*Henry Arronson,* for appellee.—Plaintiff in the first instance relied on the violation of the child labor laws, and set up sufficient facts to bring himself within the protection of the acts: Com. v. Wormser, 260 Pa. 44; Allen v. Ry., 229 Pa. 97; Hogarty v. Ry., 245 Pa. 443.

Plaintiff had a right to amend his statement: Haspel v. O'Brien, 218 Pa. 146.

This is not an attempt to change the pleadings from a common law action to a statutory action or vice versa; the original pleading and the amended pleading are brought under statutory provisions.

The injury complained of is the cause of action: Martin v. Ry., 227 Pa. 18; Noonan v. Pardee, 200 Pa. 474; Smith v. Bellows, 77 Pa. 441; Wolf v. Wolf, 158 Pa. 621.

Defendant's objection to the variance came too late: Lederman v. Lazarus, 80 Pa. Superior Ct. 602; Finkelstein v. Spatt, 50 Pa. Superior Ct. 293; Capuccio v. Plumb, 60 Pa. Superior Ct. 143; Schaffer v. Bahr, 57 Pa. Superior Ct. 48; Herrlein v. McKeesport, 247 Pa. 277.

OPINION BY MR. JUSTICE KEPHART, March 3, 1924:

Plaintiff's declaration contained averments that Louis Goldberg was a minor under the age of sixteen, in the employ of defendant, and was put to work on a certain machine used to crown bottles; that while illegally and unlawfully employed, his hand was caught in the machine, crushed, and the finger bones broken; that defendant was negligent in putting a minor under the age of sixteen to work at a dangerous occupation without explaining it to him; that the employment was in violation of various named acts of assembly, but the Child Labor Act of 1915 was not mentioned. Later, and more than two years after the happening of the accident, plaintiff amended his statement by adding thereto a violation of this last act. The question before us is whether the amendment was necessary, and, if so, was it germane to the original statement, or did it constitute a new and independent cause of action barred by the statute. After the statute of limitations has run, a plaintiff cannot by amendment introduce a new cause of action or cure a fatal defect in pleadings: Mumma v. P. & R. Ry. Co., 275 Pa. 277; Mays v. United Natural Gas Co., 268 Pa. 325, 327, and authorities there cited.

It may also be stated, however, as a rule universally recognized, that courts will take judicial notice of its public statutes. Such laws need not be pleaded or proved; it is not necessary to allege a violation of the statute, but, of course, the statement must set forth sufficient facts to bring the case within the statute: 25 R. C. L. 946, 955; 5 Wigmore on Evidence 585.

But where suit is brought for a penalty, the statement must refer to the statute authorizing its collection: Mitchell Coal and Coke Co. v. P. R. R. Co., 241 Pa. 536, 541, and cases there cited. See also Hall v. P. R. R. Co., 257 Pa. 54, 67. As we view the decisions, there is substantially no difference of opinion as to the necessity of pleading federal or domestic statutes. Hogarty v. P. &

R. Ry. Co., 255 Pa. 236, was an effort to change the basis of an action from a state to a federal law, involving different rights and different defenses, wherein the plaintiff, to have recovered, must have brought himself within a special class of individuals, to wit, those engaged in interstate commerce, the defense as to which is quite different from where the employment is intrastate. We did not hold, in this case, that it was necessary to expressly aver an act of Congress relied on for liability. We did say it must affirmatively appear by distinct averments in the statement of cause of action that defendant was engaged in interstate commerce. "Special reference to the act of Congress in the declaration is not essential." In the able dissent filed in this case, our present Chief Justice said, "The statement of claim need not expressly aver the act of Congress herein questioned," citing many authorities. The entire court was in harmony in the conclusion that it must appear in some definite way that the accident happened in the course of interstate commerce. The point of divergence was the manner in which the facts should be made to appear. The majority of the court held it should appear in the pleadings, while the dissent was based on the ground that defendant had admitted unconditionally at the trial it was engaged in interstate commerce at the time of the injury. By the appeal in the first Hogarty Case (245 Pa. 443) this court permitted an amendment to the pleadings, though the original allegation was for common law negligence. But the case did not hold specific pleading of the statute necessary. In Allen v. Tuscarora Valley R. R. Co., 229 Pa. 97, the plaintiff first declared on a liability arising from common law negligence, and then, after the statute of limitations had run, amended by pleading liability under an act of Congress. His case was then based upon a breach of a substantive part of this act. We determined this could not be done, as the amendment was not only a departure from law to law, but also from fact to fact. We doubt very much if the United States Supreme

Court at this day would follow this case. (See discussion of it in Hogarty v. P. & R. Ry. Co., 245 Pa. 443.) Mays v. United Natural Gas Co., supra, is an illustration of a change from fact to fact.

The rule more consistent with the present liberal system of pleadings, and one generally recognized by the bar as applying to domestic statutes, may be broadly stated thus: Where the facts relied upon bring the case within the statute, it is not necessary to plead it. When this is done, and the statement is otherwise sufficient, any amendment thereto leaves the cause of action unchanged: Krutlies v. Bulls Head Coal Co., 249 Pa. 162; Irwin v. Leuten Brick Co., 59 Pa. Superior Ct. 150. In the latter case it was held an action founded on an act of assembly need not be pleaded or offered in evidence.

The original statement contained sufficient averments to bring the case within the Child Labor Act. It informed defendant the boy was injured while working in violation of certain then named laws, giving the cause of the injury and the age of the child. These circumstances brought the action clearly within the Act of 1915. There is nothing in the latter act which requires evidence of a different character to support the claim than would be necessary under the first statement. The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required? The original statement placed the claim in a class governed by certain laws, and, whether statutory or common, it was not incumbent on plaintiff to further plead the particular law violated. It was necessary to set forth a justiciable cause of action sufficient to put defendant on notice. This is done when the facts are set forth as here, which bring the case within the child labor laws. The amendment, if it did anything, merely expanded, or amplified,

or made more certain what was already stated as a cause of action, and was not affected by lapse of time.

Plaintiff's case was governed by an act of assembly relating to the employment of minors, and defendant could come prepared if necessary to show a compliance with the law in that regard.

The assignments of error are overruled and the judgment of the court below is affirmed.