Opinion by
 

 Rhodes, J.,
 

 Judgment was entered by the court below against M. Brenner & Sons Motor Company (a copartnership) and the insurance carrier on the award of the referee and Workmen’s Compensation Board in favor of the claimant. By stipulation of counsel, with approval of the court, the insurance carrier paid the amount of the judgment into court, and on August 16, 1937, it was substituted on the record as the sole defendant in the proceedings without prejudice to any rights of the parties. This appeal is by the insurance carrier.
 

 Claimant, on behalf of herself and her three minor children under sixteen years of age, filed a claim petition in which she set forth that her husband, Joseph F. McDermott, was fatally injured as the result of an accident occurring in the course of his employment with M. Brenner & Sons Motor Company on November 25, 1934. An answer was filed in which it was averred that deceased at the time of the accident was not on the business or furthering the business of defendant motor company; and that at the time of the accident he was not acting as an employee of defendant motor company within the meaning of the Workmen’s Compensation
 
 *63
 
 Act. After hearing, the referee filed his opinion disallowing compensation on the ground that claimant failed to establish that deceased was in the course of his employment with defendant motor company at the time of his accidental injuries. The board, on petition of claimant, granted a rehearing. A second hearing was then held before the referee, who made an award of compensation to claimant. Defendants (motor company and insurance carrier) appealed to the Workmen’s Compensation Board. The board remanded the record to the referee for further hearing for the reason that the evidence was insufficient to establish that deceased was acting in the course of his employment with defendant motor company at the time of the injuries that resulted in his death. After this a third hearing was held before the referee. Thereafter the board filed its opinion, wherein it made additional findings of fact and conclusions of law, and affirmed the referee’s findings of fact, conclusions of law as amended, and the award of compensation. Defendants appealed to the Court of Common Pleas of Dauphin County from the award of the board, and on April 29, 1937, the court sustained the award and directed that judgment be entered thereon.
 

 On May 19, 1937, defendants presented a petition to the court of common pleas for rule upon claimant “to show cause why the record should not be remitted to the Workmen’s Compensation Board for more specific findings of fact and the defendants be given an opportunity to offer further testimony.” Rule was issued, and claimant filed an answer in the nature of a demurrer. On July 17, 1937, the court below “ordered, adjudged and decreed that the record in this case be remitted to the Workmen’s Compensation Board that it may further consider the testimony to which reference has heretofore been made, and find as a fact whether or not Joseph P. McDermott was under the
 
 *64
 
 influence of intoxicating liquor at the time of the accident which caused his death.”
 

 The action of the court below on May 19, 1937, was within the term of court at which the judgment was entered. On July 27, 1937, the court below “ordered, adjudged and decreed that the judgment entered April 29,1937, is final and conclusive, and the order which we made July 17, 1937, directing the record to be remitted to the Workmen’s Compensation Board must be and is hereby revoked, and the demurrer of counsel for the claimant is sustained.” On August 16,1937, this appeal was taken.
 

 Appellee (claimant) has filed a motion to quash the appeal in this court, the basis of which
 
 is
 
 that the appeal was not taken within the statutory period set forth in Section 427, Art. 4, of the Workmen’s Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, § 6, and the Act of April 5, 1929, P. L. 175, § 1, as re-enacted by the Act of June 22, 1931, P. L. 598, § 1, and by the Act of January 5, 1934, P. L. 216, § 1, 1933, Sp. Sess. (77 PS § 901). We find no merit in the motion, and it is dismissed. The appeal was properly taken from the final judgment of July 27, 1937. In granting the rule on May 19, 1937, the court below ordered “that pending final disposition of this rule, and any subsequent action taken, all proceedings in an appeal to the Superior Court are stayed so that the period within which defendants may appeal to the Superior Court shall be computed from the date of the final disposition of this rule, or the date of final disposition of the remitted record.” The judgment at the time the rule was issued was within the control of the court below, and until July 27, 1937, there was no final disposition by the court and no appealable judgment. “The court, in its order, has definitely expressed the thought that the judgment should remain within its control, The order suspending all proceed
 
 *65
 
 ings was ample evidence of that and the court being still within the term could leave the way open for further action in regard to the judgment”:
 
 Stein et al. v. Kessler et al.,
 
 92 Pa. Superior Ct. 359, at page 361.
 

 The findings of fact by the compensation authorities, based upon competent evidence, are to the effect that deceased, husband of claimant and father of her minor children, was employed by M. Brenner & Sons Motor Company, a copartnership, as a salesman and manager in charge of their used car lot in Penbrook, a suburb of Harrisburg. His usual working hours at the used car lot were from 8:30 in the morning until 9 o’clock at night, and sometimes later, sis days a week. On many occasions he was required to return to the lot after the closing hour, or remain there to look after certain duties which devolved upon him as manager.
 

 On the evening of November 24, 1934, the employees of the motor company arranged to meet at the home of M. Brenner, one of the copartners, on Second Street, in the City of Harrisburg. At this time a gift was presented to Mr. Brenner by the employees. The meeting was of a business and social nature, and was similar to those held on many previous occasions. Plans for the conduct of the business in the coming year were discussed, following which those in attendance indulged in refreshments. Deceased, accompanied by another employee, left the used ear lot between 8 and 8:20 p.m. and drove in one of the motor company’s cars, bearing their dealer’s registration plates, to the home of Mr, Brenner. The meeting had been arranged by the sales manager of the motor company, who asked deceased to attend. During the course of the evening a talk was made by the sales manager, and a response given by Mr. Brenner. After leaving the Brenner home, deceased was involved in an automobile accident, near the Harrisburg State Hospital, when the car he was driving crashed against one of the pillars in front of that in
 
 *66
 
 stitution. The accident happened about 12:05 a.m. on November 25, 1934, and deceased was admitted to the emergency department of the Harrisburg Polyclinic Hospital at about 12:15 a.m. Deceased was still at the Brenner home at about 11:30 p.m.
 

 Appellant’s main contention on this appeal is that there is no competent evidence in the record that deceased at the time of the accident, which did not occur on the premises of the employer, was actually engaged in the furtherance of the business or affairs of his employer. See Workmen’s Compensation Act of June 2, 1915, P. L. 736, Art. 3, §301 (77 PS §411).
 

 Whether deceased, on the state of facts found, was fatally injured in the course of employment as comtemplated by the act is a question of law.
 
 Paulin v. Williams & Co., Inc. et al.,
 
 122 Pa. Superior Ct. 462, 186 A. 415, affirmed, 327 Pa. 579, 195 A. 40.
 

 Deceased’s employment had to do with the sale of used cars. It is undisputed that his duties included the closing of the used car lot each night, the removal prior thereto of the ornamental radiator caps from the cars in the lot, and ascertaining that each car was locked. It appears from the testimony that an inspection on the day following the accident disclosed that this work had not been done the prior evening. There is also testimony that, before leaving the lot to go to the home of Mr. Brenner, on the evening of November 24, a sale of a used ear was made by deceased, and the cash turned over to him by the purchaser. The cash in a transaction of this kind was usually carried by the salesman making the sale until the end of the day, when an entry was made in the cash book used for that purpose. An examination of the cash book disclosed that this entry had not been made by deceased. On the basis of these facts, together with the route deceased was taking at the time of the accident and the place of the accident, the compensation authorities found as a fact that de
 
 *67
 
 ceased was on his way to the used car lot of his employer at the time of the accident. It is argued on behalf of appellant that the route which deceased followed after leaving the Brenner home could have been used by him in going either to the used car lot of his employer in Penbrook or to his home at 12 South Nineteenth Street, Harrisburg, and that to find, as the compensation authorities did, that deceased was on his way to the used car lot at the time of the accident is mere conjecture, and cannot form the basis of the award.
 

 We do not deem this finding of fact essential in order to sustain the award, and, therefore, whether there is competent evidence to support such finding is not material.
 

 There are other findings of fact supported by competent evidence sustaining the conclusion of the referee and board that deceased died as the result of an injury by accident while in the course of his employment with M. Brenner & Sons Motor Oo. The board’s eighth finding of fact reads as follows: “8. That at the time of the accident in which he received fatal injuries, the deceased, Joseph 0. McDermott, was driving an automobile owned by his employer and bearing dealer’s license plates issued to the employer.”
 

 The testimony that the car used by deceased bore dealer’s registration plates issued to his employer was uncontroverted. A signed statement offered in evidence by appellant also included this fact. In this connection the board concluded that the prima facie case thus established by appellee was not overcome by the testimony submitted on behalf of the employer.
 

 Deceased came to the meeting at the Brenner home from the used car lot of his employer in the employer’s car bearing the dealer’s registration plates. He left the used car lot in Penbrook before the regular closing time, and without having taken care of his usual du
 
 *68
 
 ties. This meeting, similar to many others that had been held by employer and employees, was arranged by the sales manager by whom deceased was notified to attend. It was of the kind quite frequently held, having the promotion of the employer’s business as an objective, and combined business and pleasure. Deceased left the Brenner home in the car in which he came. The time of his leaving does not definitely appear, but the testimony indicates that it was after 11:30 p.m. He was found fatally injured about 12:05 a.m. The route taken by deceased could have been used by him in going either to the used car lot of his employer or to his residence at 12 South Nineteenth Street, Harrisburg. Such facts taken together are sufficient to sustain the conclusion that deceased was in the course of his employment when he was fatally injured.
 

 In the recent case of
 
 Morgan et al. v. Heinel Motors, Inc.,
 
 329 Pa. 360, at page 362, 197 A. 920, at page 921, our Supreme Court, in an opinion by Mr. Justice Linn, said: “At the time of the injury the car bore dealer’s registration plates issued to defendant, pursuant to the Vehicle Code, approved May 1, 1929, P. L. 905, 929, 75 PS Section 1 et seq. Section 502, 75 PS Section 132, provides: ‘Use of Manufacturer’s, Jobber’s and Dealer’s Registration Plates Limited. — Registration plate or plates issued in the “Dealer’s Class” may be used on any motor vehicle, trailer, or semitrailer, owned or in the possession of a manufacturer, jobber, or dealer, and operated by such manufacturer, jobber, or dealer, or the employee of such manufacturer, jobber, or dealer, when such motor vehicle, trailer, or semi-trailer is used (a) in the motor vehicle business of such manufacturer, jobber, or dealer, (b) for the personal pleasure of such manufacturer, jobber, or dealer, or the members of his family, when operated by such manufacturer, jobber, or dealer, or an immediate member of his family, (c) for teaching a new operator how
 
 *69
 
 to operate a motor vehicle, if such new operator has procured a learner’s permit, and for such new operator to take an examination for an operator’s license, or (d) for testing motor vehicles, trailers, or semi-trailers in the possession of such manufacturer, jobber, or dealer, or (e) for demonstrating motor vehicles, trailers, or semi-trailers in the possession of such manufacturer, jobber, or dealer, and such vehicles may be operated by a prospective purchaser, when licensed as an operator or permittee, and when accompanied by the manufacturer, jobber, or dealer, or an employee, of such manufacturer, jobber, or dealer/......
 

 “Section 504 prohibits the operation of a motor vehicle ‘under any other registration plates than those of its own registration, except as provided in this act’; the exceptions are not important in disposing of this appeal. Section 508 provides that ‘No person shall give or lend......dealer’s registration plate or plates to another/
 

 “As the Act provided that dealer’s registration plates may be used ‘when such motor vehicle......is used (a) in the motor vehicle business of such......jobber, or dealer,’ or (d) is being ‘tested,’ the evidence that the car bore this dealer’s plates, was prima facie proof that the car was, within Section ¡502, ‘owned or in the possession of a......dealer and operated by such...... dealer, or the employee of such......dealer’ (a) ‘in the motor vehicle business of such ...... dealer’ or (d) was being ‘tested.’ ”
 

 Deceased was an employee, and therefore the lawful use of the dealer’s ■ registration plates by him was limited to clauses (a), (c), (d), and (e) of Section 502. Deceased came to the meeting at the Brenner home with another employee. As the board in its opinion stated: “It appears that at this meeting, general policies and plans in connection with the business [of the employer] were discussed.” At the time of the accident,
 
 *70
 
 shortly after leaving the Brenner home, deceased was alone. The dealer’s registration plates on the employer’s car operated by deceased at the time of the accident were prima facie proof that the car was operated by deceased “in the motor vehicle business of such......dealer [his employer].” If the use of the dealer’s registration plates was lawful, which we must assume it was, then deceased at the time of the accident was prima facie operating the car in the motor vehicle business of his employer.
 

 Another contention of appellant is that the record should have been remitted to the board in order that there might be a finding as to whether or not deceased had taken himself out of the course of his employment by reason of his driving the car while under the influence of intoxicating liquor.
 

 Appellant filed 13 exceptions to the action of the board on taking the appeal to the court of common pleas. Appellant took no exception to the alleged failure of the board to make a finding as to the deceased’s being under the influence of intoxicating liquor while driving the car. In the absence of such an exception as provided by Section 427, Art. 4, of the Workmen’s Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, 665, § 6, as re-enacted by the Act of June 22, 1931, P. L. 598., § 1, as amended 1933, Sp. Sess., by the Act of January 5, 1934, P.. L. 216, § 1 (77 PS § 874), it could not be considered by the court of common pleas, and will not be considered by this court on appeal. Only such action of the board and such specific findings of fact of the board or of the referee sustained by the board as have been excepted to shall be considered on appeal to the court of common pleas or to this court. See
 
 Nesbit v. Vandervort & Curry et
 
 al., 128 Pa. Superior Ct. 58, 193 A. 393.
 

 Appellant’s additional reason for remission of the
 
 *71
 
 record is that it should be afforded an opportunity to present testimony to rebut the prima facie proof resulting from the presence of dealer’s registration plates on the car driven by deceased. In this connection it maintains that there was no opportunity to overcome the prima facie proof which the board held to exist by virtue of the presence of such dealer’s registration plates. Appellant and the employer, in their answer to the claim petition, averred that “the decedent at time of said accident was not on the business or affairs of the defendant nor was he furthering the business or affairs of the defendant.” By way of defense, the answer further stated that deceased at the time of the accident was not acting as an employee within the meaning of the Workmen’s Compensation Act. The burden of proof was on the claimant to present the necessary facts to support the conclusion that deceased was in the course of his employment at the time he was fatally injured, i. e., actually engaged in furthering the business or affairs of his employer at the time. The presence of dealer’s registration license plates on the car at the time of the accident was a part of the evidence offered. There was ample opportunity to present the defense as set forth in the answer. A remission of the record for the purpose specified by appellant would only give another chance to sustain the defense as averred in the answer to the claim petition. We are not persuaded that this opportunity should be made available.
 

 Appellant also complains that the declarations of deceased as to his intention to return to the used car lot, made prior to Ms leaving the Brenner home, were improperly admitted in evidence. Even if they were inadmissible and incompetent (see
 
 Mutual Life Ins. Co. v. Hillmon,
 
 145 U. S. 285;
 
 Com. v. Palma,
 
 268 Pa. 434, 112 A. 26; Wigmore on Evidence (2d Ed.), Vol. 3, Chap. LVI), such declarations do not enter into the material findings of fact of the referee and board, upon
 
 *72
 
 which the conclusion that deceased at the time of his accidental injuries was in the course of his employment, as that term is used in the Workmen’s Compensation Act of 1915, as amended, 77 PS § 1 et seq., is based.
 

 Judgment is affirmed.