Wilkinson *v.* United Parcel Service of Pennsylvania, Inc., et al., Appellants (No. 1).

Argued April 23, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*George H. Detweiler,* for appellants.

*David L. Ullman,* for appellee.

OPINION BY RHODES, J., July 19, 1945:

Judgment was entered in the court below against defendant and its insurance carrier on an award in favor of claimant, the widow of deceased employee, and his minor grandchildren. Defendant and its insurance carrier have appealed.

Claimant is the widow of Harry Wilkinson who died on August 10, 1939. For thirty-three years he had driven a delivery truck for Wanamaker's, Philadelphia, in the neighborhood of Roxborough. When this service was discontinued he became a driver for defendant, which had taken over the delivery service for a number of department stores, and he was assigned to the Germantown area where he lived. His duties consisted of driving a truck over an assigned route and delivering the parcels with which the truck had been loaded the previous night. On August 2 or 3, 1939, deceased reported for work at the usual hour of 8 a.m. and took out his truck. His work usually lasted until seven or eight o'clock in the evening; but on the day in question he stopped at his home in the latter part of the afternoon and told his wife that he just had an accident. He further stated that while lifting a big roll of linoleum off the truck he slipped back and it fell on his shoulder and caused immediate pain in his arms and chest. Claimant testified that his eyes were heavy, that he had a peculiar color, that he was pale and appeared ill, and that "the sweat just poured off him." [1] Claimant gave him aromatic spirits of ammonia, and after he had rested a while he took his truck back to the garage of defendant and returned home for supper. He was unable to eat and went

---

[1] The medical testimony indicated that this condition would follow a very short time after such an accident as deceased was alleged to have sustained.

directly to bed. Although he continued to work, his health declined to the date of his death about a week later. During that period he was tired and exhausted and without appetite; he was short of breath, had frequent "sweats," and was unable to sleep. On August 10, 1939, he went to the office of the union to which he belonged to pay the dues, and while there he collapsed and was taken to the hospital, and died the same morning at 10:30. An autopsy was performed; and there was medical testimony to the effect that the cause of death was the rupture of small blood vessels of the heart which occurred at the time of the accident, followed by necrosis and ultimate collapse. Dr. Joseph Edeiken, a specialist in heart diseases, testified that there was a causal connection between the accident suffered on August 3, 1939, and the subsequent death of deceased on August 10, 1939. Dr. W. D. Stroud, on the other hand, likewise a specialist in heart diseases, testified for defendant and gave as his opinion that there was no causal connection between the accident and the subsequent death. Defendants do not suggest that claimant's medical testimony does not meet the required standards.

About two days after deceased's death an investigator for defendant insurance carrier came to the Wilkinson home. Claimant was not at home but the investigator spoke to her daughter. After the funeral the investigator made an appointment with claimant and again came to her home. He was advised about the accident by claimant and the nature thereof, and she signed a statement which the investigator prepared. Prior to the filing of the claim petition, the investigator obtained a statement from the hospital as to deceased's death and the physical findings. The investigator was not called by the defense; and claimant's signed statement was not produced by defendants. Deceased's son also worked for defendant, and returned to work on the Monday following his father's funeral, having been on vacation at the time of his father's accident and death. On the day he

returned to work, he told his father's foreman that the defendant was to blame for his father's death as the linoleum had fallen on his father because of the way the truck was loaded. The son likewise complained to defendant's supervisor and assistant superintendent and told both that defendant was to blame for his father's death as rolls of linoleum should not be placed on the truck with only one man to remove them, and that the accident had occurred when his father was endeavoring to unload a large roll of linoleum alone.

On December 8, 1939, an adjuster for the Workmen's Compensation Bureau, acting in the course of his official duties, prepared a claim petition for claimant. He went to claimant's home for this purpose, claimant not being represented by counsel at the time. Probably due to inexperience, this adjuster inserted in the petition the date and place of death as the date and place where the injuries or accident had been sustained. He was called by defendants; he admitted that he had some recollection that he had been told by claimant of deceased's accident on August 2 or 3, 1939, the manner in which it happened, and the visible results thereof.

At the first hearing before the referee, when claimant was represented by counsel, on September 25, 1940, the inaccuracies in the claim petition were corrected by amendment. An amendment was allowed to the effect that the accident happened on or about the second day of August, 1939, that the nature of the accident was that, while engaged in unloading a roll of linoleum from a truck which deceased operated in the employ of defendant, his foot slipped in the body of the truck, with the result that the weight of the roll of linoleum was thrown on him precipitating a heart attack, and that his death on August 10th was the end result of the heart attack suffered on or about the second day of August, 1939, under the narrated circumstances.

The referee made an award for compensation to claimant on her own behalf and on behalf of the minor

grandchildren. As to the latter it was found that they were totally dependent upon deceased for support at the time of his accident; that they were living with him and supported by him at the time and were not receiving support from any other source. The referee also found that deceased suffered an accident on August 2 or 3, 1939, in "unloading a heavy roll of linoleum from a truck, while in the course of his employment with the defendant, when he slipped and the linoleum fell on decedent's shoulder," and that the "cause of claimant's decedent's death [on August 10, 1939] was a coronary occlusion which resulted from the accident he sustained on August 2, or 3, 1939."

The Workmen's Compensation Board affirmed the findings of the referee, but remanded the case for further evidence on the question of notice and to make such additional findings of fact, conclusions of law, and award or disallowance as might be warranted by the evidence. After taking additional testimony on the question of notice, the referee again made an award after republishing the same findings of fact and conclusions of law as before, and in addition finding that adequate notice had been given. The board affirmed the findings of fact, conclusions of law, and award of the referee. Defendants then appealed to the court of common pleas and filed 15 exceptions. The court below in its opinion says: "The defendant does not question the sufficiency of the evidence to prove the accident." In the same position is the status of the grandchildren. The court of common pleas dismissed the exceptions, affirmed the board, and entered judgment on the award. Thereupon this appeal was taken by defendants.

Before commenting upon those matters which are here raised for the first time, and which in addition are without any merit, we shall take up the questions raised by defendants by their exceptions, and argued in the court below, which may deserve consideration.

Section 311 of the Workmen's Compensation Act of June 2, 1915, P.L. 736, as reënacted and amended by the

Act of June 21, 1939, P.L. 520, § 1, 77 PS § 631, relates to notice and reads as follows: "Unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within fourteen days after the accident, no compensation shall be due until such notice be given, and, unless such notice be given within ninety days after the occurrence of the injury, no compensation shall be allowed."

Notwithstanding the finding of the compensation authorities that due notice had been given, defendants contend that there was no proof in the record of notice within ninety days of the accident. We are of the opinion there was not only notice to defendants but knowledge on their part. If the testimony of claimant and her son was believed, which it evidently was, there is sufficient competent evidence to sustain the finding that defendants had notice and detailed knowledge of the accident within the time limitation of the act. There is no requirement that the notice must be in writing. Section 312 of the Act of 1915, as reënacted and amended, 77 PS § 632, gives the form of notice to be used, but this is no more than a suggestion, as this section concludes by saying: "But no variation from this form shall be material if the notice be sufficient to inform the employer that a certain employe, by name, received an injury, the character of which is described in ordinary language, in the course of his employment on or about a time specified and at or near a place specified." Claimant testified that she told the investigator for defendant insurance carrier, a few days after the funeral, about the accident sustained by deceased, and that she signed a statement prepared by the investigator. In addition deceased's son testified that he notified the foreman, supervisor, and assistant superintendent of defendant of the accident sustained by his father. There was a conflict in the testimony as to such notice, but the issue in this respect was one of fact to be determined by the fact-finding

bodies which decided in claimant's favor. Under the circumstances, neither the court below nor this court has any power to disturb the finding. *Bittner v. Saltlick Township,* 109 Pa. Superior Ct. 406, 412, 167 A. 483. It would not come with good grace for an employer who had actual knowledge of a compensable injury to his employee at the time of its occurrence to endeavor to escape liability because he had not been served with formal notice of the occurrence of the injury. It is true that the amendment of 1939, 77 PS § 631, omitted the following words, which appeared in the act prior to amendment, "Unless the employer shall have actual knowledge of the occurrence of the injury." But it is not necessary for us to decide in the present case the effect of actual knowledge without notice. It is sufficient for present purposes to recall what we have often said to the effect that the Workmen's Compensation Act is to be given a liberal construction in maintaining the rights of injured employees, and that we will not read into the act a stricter requirement than its language imports. The purpose of notice is to protect the employer from stale claims for accidental injuries, of which he had no knowledge, made after the opportunity has passed for a full and complete examination thereof. The facts established in the present case sustain the finding of sufficient notice.

Claimant's petition was filed on December 8, 1939. The first hearing before the referee was on September 25, 1940, at which time the amendment in question was allowed. At the time the amendment was made, defendants were in possession of the correct facts, and they were not misled in any respect by the amendment, nor were they deprived of any available evidence. They did not move for a continuance, and they filed no supplemental answer. The original claim petition averred in effect that deceased died on August 10, 1939, as a result of an injury sustained in the course of his employment with defendant. See *Polk v. Western Bedding Co. et al.,*

145 Pa. Superior Ct. 142, 147, 20 A. 2d 845; *Smith v. Primrose Tapestry Co. et al.,* 285 Pa. 145, 131 A. 703; *First National Bank of Bangor v. American Bangor Slate Co.,* 229 Pa. 27, 31, 77 A. 1100; *Goldberg v. Friedrich,* 279 Pa. 572, 576, 124 A. 186. This is the "particular matter for which suit is brought." *Rochester Borough v. Kennedy et al.,* 229 Pa. 251, 273, 78 A. 133. The time and place of the injury were set forth in the petition as August 10, 1939, at the union office where deceased collapsed while paying dues, his death following an hour thereafter. These statements are clearly erroneous to anyone who reads the petition. However, defendants stand on a technical objection to the amendment, although they were not placed at any disadvantage in defending against the claim. Cf. *Laffey v. Philadelphia & Reading Coal & Iron Co.,* 125 Pa. Superior Ct. 9, 189 A. 509. The intent is clear, the omission is obvious; deceased's collapse and death were the result of a prior injury.

The form used by an employee of the Workmen's Compensation Bureau in the preparation of claimant's petition does not contain the word "accident," the word "injury" apparently being used to comprehend "accident." But the purpose of the original claim petition was accomplished, that is, to give notice of the claim. *Vitkovic v. Pennsylvania Clay Co.,* 278 Pa. 474, 477, 123 A. 469. The amendment merely amplifies or corrects what was alleged in support of the cause of action asserted in the original petition, and relates back to the commencement of the action and is not affected by the intervening lapse of time. See *Garvin v. Diamond Coal & Coke Co. et al.,* 278 Pa. 469, 474, 123 A. 468. The "pleadings" in compensation cases are not, strictly speaking, pleadings at all, and the preparation of such papers is not the practice of law. See *Shortz et al. v. Farrell,* 327 Pa. 81, 92, 193 A. 20. And it was contemplated by the Workmen's Compensation Act that an injured employee might act without the employment of an attorney. *Johnson v. Jeddo Highland Coal Co.,* 99 Pa.

Superior Ct. 94, 98; *Horton v. West Penn Power Co. et al.*, 119 Pa. Superior Ct. 465, 473, 180 A. 56. The "pleading" in this case was executed on a printed form; such "pleadings" are elementary in character and so uniformly simple that it cannot fairly be said that legal skill is required in their preparation, and they do not rise to the dignity of pleadings as that term is understood in other judicial proceedings, and liberality in allowing their amendment is such as to render mistakes in connection with them innocuous. *Shortz et al. v. Farrell*, supra, 327 Pa. 81, 92, 193 A. 20. We have said that a meritorious claim ought not, if possible, be defeated for technical reasons (*Petrovan v. Rockhill Coal & Iron Co.*, 130 Pa. Superior Ct. 58, 64, 196 A. 516), and we repeat that technicalities are not looked upon with favor in compensation cases (*Hopshock v. Hackmeister, Inc., et al.*, 140 Pa. Superior Ct. 384, 388, 14 A. 2d 374). In the present case, if there was a defect in the claim petition it arose due to the mistake of a state employee acting within the scope of his authority. The petition was filled in by an employee of the Workmen's Compensation Bureau whose duty it was to assist claimants in the preparation of their claim petitions. As said in *Horn v. Lehigh Valley R. Co.*, 274 Pa. 42, 44, 117 A. 409, where a person is unintentionally deceived by one who has authority to act in the premises, courts will not, if it is possible to prevent it, permit such deception to work an injury to the innocent party. See *Horton v. West Penn Power Co. et al.*, supra, 119 Pa. Superior Ct. 465, 473, 180 A. 56.

In *Testa v. National Radiator Corp. et al.*, 141 Pa. Superior Ct. 206, 15 A. 2d 42, claimant had stated that he had been injured on October 11, 1937, but at the hearing he was uncertain of the date, and it was shown that the injury occurred on November 2, 1937, instead of the date previously mentioned. It was held proper to allow the petition to be amended to show the correct facts; claimant was not represented by counsel at the time the petition was filed, and this court allowed the amendment to correspond with the truth as it existed.

In the present case no new and different cause of action was presented by the amendment. See *Goldberg v. Friedrich,* supra, 279 Pa. 572, 576, 124 A. 186. Rather the amendment corrected the errors and supplied an obvious omission of facts (such omission being due to the mistake or neglect of an employee of the Workmen's Compensation Bureau) as to the accidental injury sustained by deceased in the course of his employment with defendant, which caused his death on August 10, 1939, as averred in the petition, and of which facts defendants had knowledge as they had investigated the claim thoroughly before the hearing. Under the circumstances the amendment was permissible. As to amendments generally, see *Tomasak v. Borough of Courtdale,* 98 Pa. Superior Ct. 473, 475; *Gail v. Philadelphia,* 273 Pa. 275, 278, 117 A. 69; *Raskus v. Allegheny Valley Street Railway Co.,* 302 Pa. 34, 37, 153 A. 117. We therefore agree that the amendment was properly allowed.

Defendants' next contention is that there was no causal connection shown between the accident and deceased's death. From no point of view can we find any merit in their argument. We shall make reference later to the finding that deceased had suffered an accident while in the course of his employment, and that no exception was taken thereto by defendants, and consequently was not considered by the court below. It suffices to say that the medical testimony given as to the causal connection between the accident suffered by deceased and his subsequent death was conflicting. Dr. Edeiken testified on behalf of claimant, and his opinion was that there was a causal connection. Dr. Stroud called by defendant testified that there was no causal connection. Both the referee and the board accepted the testimony of the former and rejected that of the latter. Dr. Edeiken did not ignore the autopsy findings, and his testimony was not based on any erroneous assumptions as asserted in defendants' argument. There was testimony that the linoleum was bulky and heavy, and it

appears that Dr. Edeiken examined the original autopsy report. The credibility of medical witnesses and the weight to be attached to the testimony of each are matters finally and exclusively for the board, and where any conflicts appear in such experts' theories or opinions it is for the board to decide which conclusion it will adopt. *Kennedy v. Holmes Construction Co. et al.,* 147 Pa. Superior Ct. 348, 355, 24 A. 2d 451.

We find no reversible error in the fact that the board indicated that the failure of defendants to produce the signed statement of claimant given to the investigator of the defendant insurance carrier and to call the investigator as a witness meant that the statement and the testimony would be unfavorable to defendants. The ninth and tenth assignments of error are therefore without merit. The presumption of the law is always against the party who withholds testimony in his power, bearing directly on his case. *Harkins v. Varone,* 306 Pa. 376, 379, 159 A. 860.

The referee and the board found as a fact that deceased had suffered an accident while in the course of his employment with defendant on or about the second day of August 1939 and as a result of such accidental injury died on August 10, 1939. No exception was taken to such finding, and the sufficiency of the evidence to establish an accident was not questioned. The first exception to the decision of the Workmen's Compensation Board deals with the medical testimony. Exceptions 2 to 9, inclusive, relate to the matter of notice, and the remaining exceptions, 10 to 15, inclusive, question the right of claimant to amend her claim petition. The matter is not now properly before us for consideration. *McDermott v. Sun Indemnity Co. of New York,* 131 Pa. Superior Ct. 60, 70, 198 A. 499. But it clearly appears that there is sufficient competent evidence to establish the happening of an accident as found by the referee and the board.

Defendants also argue, without any justification at this time, that deceased's three grandchildren were not

entitled to an award in their favor. The board made findings of fact in this respect followed by a conclusion of law. No exception was taken to the findings of fact or the conclusion of law involving the status of deceased's grandchildren. It was not considered by the court below, nor is it assigned as error on this appeal. It will not be considered now by this court. *McDermott v. Sun Indemnity Co. of New York,* supra, 131 Pa. Superior Ct. 60, 70, 198 A. 499. We may say, however, that it appears from the evidence that deceased stood in loco parentis to his grandchildren, that they were members of his household at the time of his death, and that they were exclusively supported by him. On the merits defendants' position is entirely untenable.

All the assignments of error are overruled.

Judgment of the court below is affirmed.