**Gallagher v. Bortz**

*Cyril T. Garvey*, for plaintiff.

*George H. Rowley, Donald P. McKay* and *P. Raymond Bartholomew*, for defendants.

ACKER, J., November 30, 1970.—The matter for determination arises from preliminary objections filed by all defendants in the nature of a demurrer and, in the alternative, motions for a more specific complaint. The previous pleadings consist solely of a complaint in trespass from which we learn the following facts.

On July 23, 1969, plaintiff, Edward J. Gallagher, was acting as an observer in a boat being operated by Donald Corbett on the Shenango Reservoir in Mercer County towing defendant, Thomas Bortz, on water skis. Defendant, Bortz, fell into the water and plaintiff called to the driver, Donald Corbett, to inform him. As plaintiff continued to watch the skier in the water, defendant, Corbett, turned the boat without slowing down, causing it to run into a nearby island resulting in serious and permanent injuries to plain-

tiff. Further, it is alleged that in June of 1969, defendant, Thomas Bortz, purchased the 55-horsepower Evinrude outboard motor which was used on the boat at the time of the accident. On July 23, 1969, or for some time prior thereto, defendant, Charles Bortz, was the owner of the 16-foot M. F. G. outboard motor boat. In June of 1969, defendant, Thomas Bortz, gave the outboard motor to his father, Charles Bortz, with the understanding and in consideration of his being entitled to use the boat subject to the interest of his father.

On the day of the accident, it is alleged that defendants, Thomas Bortz and Donald Corbett, went to the premises of Charles Bortz and with his permission obtained possession of the boat and motor for use on the reservoir. On the afternoon of that day, they picked up Edward Gallagher and transported him to the reservoir.

Further, it is alleged that the reservoir is an inland water as that term is defined in the State and Federal statute regarding the use of outboard motor boats. The negligence of defendant, Corbett, is alleged to be the failure to observe where he was going, to steer the boat in such a fashion to avoid an obstruction, to slow down when approaching the island and in all other respects to carelessly operate the boat as to endanger the life of plaintiff.

It is claimed that both Thomas and Charles Bortz were owners of the boat within the definition of an owner as set forth in the applicable law. It is, therefore, claimed that Donald Corbett as the operator, Thomas Bortz in the water behind the boat, and Charles Bortz, who was nowhere near, are all jointly and severally liable for the injuries sustained.

The attack upon the complaint in trespass is by different avenues as to the respective defendants, but with the request that the court arrive at the

same destination, i. e., to sustain a demurrer. Defendant, Thomas Bortz, travels the route that although the complaint may be sufficiently specific, a demurrer must be sustained because he is not "an owner." He relies upon the definition of owner as contained in 73 C. J. S., Property, §13, at page 183. This definition includes the right to spoil and destroy the property. He, therefore, concludes that, because he did not have the right, he cannot be regarded as an owner.[1] However, defendant has disregarded the definition of an owner as set forth in the Motor Boat Law.[2] There, an "owner" means a person, other than a lienholder, having the property in, or title to, a vessel. The term includes a person entitled to the use or possession of a vessel subject to the interest of another person reserved or created by agreement and securing payment or performance of an obligation, but the term excludes a lessee under a lease not intended as security. A motor boat is any vessel propelled by machinery.

The allegations of the complaint under attack alledge that Thomas Bortz gave the outboard motor to his father, Charles Bortz, with the understanding that, in consideration therefor, he would be entitled

---

[1] Ownership has been held to have various meaning by our court's depending upon the statute construed and the result to be attained. In Schott v. Harvey, 105 Pa. 222 (1884), a statute imposed liability on an owner for failure to put up a fire escape. In considering the object to be served by the statute, the court held that it applied only to the person in occupancy of the premises, even though the word itself is undoubtedly broad enough to cover either such a person or the title holder. In Fisher v. City of Philadelphia, 112 Pa. Superior Ct. 226, 170 A. 2d 875 (1934), the court construed the statutory responsibility upon an "owner of real estate to keep the sidewalks or footways in good condition" after notice of a defect. It held that the legal owner of the property is not relieved of responsibility merely because he is out of possession.

[2] Act of August 14, 1963, P. L. 808, sec. 2, 55 PS §483.

to the use or possession of the boat subject to the interest of his father. Therefore, Thomas Bortz comes directly within the definition of an owner. The requirement that an owner must have the right to spoil or destroy the property is not contained within the statute.

This court recognizes that a rule which is in derogation of the common law is to be strictly construed.[3] It is also aware that the Supreme Court in Smalich v. Westfall, 440 Pa. 409, 269 A. 2d 476, (1970), reversed the law of imputed negligence of Beam v. Pittsburgh Railways Company, 366 Pa. 360, 77 A. 2d 634 (1951). Now, under common law, vicarious liability remains only if there is a relationship of master-servant or joint enterprise.

The legislature, however, as early as 1931 imposed by the Motor Boat Law strict liability upon an owner of a motor boat causing or knowingly permitting any person to operate a motor boat who, by negligent conduct, injures a third person. That liability is joint and several.[4]

If the allegations of plaintiff's complaint are accepted as true, as is required in all demurrers, the operator is negligent in piloting the boat into an island while attempting to return for the skier in the water. The skier, being an owner within the definition of the Motor Boat Law is held jointly and severally liable for the negligence of the operator, although the facts of the case make the actual control of the boat by the skier in the water, Thomas Bortz, a virtual impossibility. The legislature in its wisdom has elected by statute to impose such liability. Therefore, if

---

[3] Act of May 28, 1937, P. L. 1019, sec. 58, 46 PS §558, with certain exceptions not here involved.

[4] Act of May 28, 1931, P. L. 202, sec. 10, as amended, 55 PS §485(g).

the facts as alleged are proven to the satisfaction of a jury, a verdict can be rendered against both the operator, Donald Corbett, and the skier in the water, Thomas Bortz.

Defendant, Charles Bortz, requests a demurrer through an entirely independent course of reasoning. His contention is that because plaintiff failed to state with particularity the statute or facts upon which he relies to bring the matter within the statute a demurrer must be sustained. At the very best, this defendant would be entitled to a demurrer subject to the right of plaintiff to amend his complaint to state a proper cause of action. However, this court is not convinced that plaintiff's complaint is defective. Although the allegations sound foreign to the ears of the practicing negligence attorney, it cannot be said that a cause of action has not been stated as to Charles Bortz. It is alleged that the boat belonged to Charles Bortz and that his son, Thomas Bortz, gave him a 55-horsepower Evinrude outboard motor subject to the right of Thomas Bortz to use the boat and motor. It is further alleged that on the very day of this occurrence, Thomas Bortz acquired possession of the boat and motor with the permission of defendant, Charles Bortz. Clearly, he comes within the definition of an owner and, as such, is liable as much as the co-owner, Thomas Bortz, who was in the water waiting to be picked up.

Therefore, the complaint is sufficient for the facts averred are such as to bring the case within the scope of the statute upon which liability is based.[5]

As stated in Godina v. Oswald, 206 Pa. Superior Ct. 51, 211 A. 2d 91 (1965) p. 55, "Statutes need not be specifically pleaded but there must be set forth

---

[5] At Goodrich-Amram, §1019(a)-9, p. 214 2A Anderson Pa. Civ. Pract., §1019.49, p. 208.

sufficient facts to bring the case within the statute in question: Goldberg v. Friedrich, 279 Pa. 572, 124 A. 186 (1924). The niceties of procedure and pleading make fine intelligence games for lawyers but should never be used to deny ultimate justice. This is the reason for our modern approach to rules of civil procedure."[6]

Muir v. Neisner Bros., Inc., 6 D. & C. 2d 581 (1955), cited by defendant is inapposite. There, it was held that reference to violations of " 'Appropriate laws of the United States of America' " and " 'appropriate regulations of the United States Department of Public Health' " as well as a general averment of lack of due care, must be made more specific or be disregarded. However, the court noted that this would be regarded as surplusage.

It is the conclusion of this court that plaintiff has alleged a cause of action which is not subject to either a viable demurrer or a motion for a more specific complaint. The mere fact that the Motor Boat Law imposes statutory liability contrary to that known in the general law of torts does not mean that a cause of action is not stated. All that waits is whether plaintiff can prove the allegations of the complaint. If he can, liability may result upon all of defendants.

## ORDER

And now, November 30, 1970, the preliminary objections of defendants, Thomas Bortz, Charles Bortz and Donald Corbett, in the nature of a demurrer and in the nature of more specific pleadings are denied.

---

[6] In Goldberg v. Friedrich, 279 Pa. 572, at 576 (1924), cited in Godina v. Oswald, supra, it was not necessary to allege violations of the Child Labor Act of May 13, 1915, P. L. 286, as long as the facts were sufficient to establish such a violation.