### Butler v. Cheyney State College

*H. David Spirit*, for plaintiff.

*Glenn Gilman* and *Norman L. Haase*, for defendants.

SAND, J., June 22, 1973.—Plaintiff has filed a complaint alleging she sustained serious injuries as a result of a fall at the Cheyney State College in Cheyney, Pa. Named defendants are the Cheyney State College and the Cheyney State College General Alumni Association. The Cheyney State College has filed preliminary objections raising the issues of sovereign immunity and proper venue.

If the Cheyney State College is an agency of the Commonwealth, the objections must be sustained. In

determining the objecting defendants' status, we take judicial notice of the public statutes of the Commonwealth: Goldberg v. Friedrich, 279 Pa. 572. Sovereign immunity bars actions against the Commonwealth: Biello v. Pennsylvania Liquor Control Board, January term, 1971, no. 324, opinion filed March 16, 1973. (Dauphin County, not reported.) The determination of whether or not the action is against the Commonwealth is not based upon the nominal party but rather whether or not defendant is an instrumentality of the Commonwealth engaged in a governmental function: Rader v. Pennsylvania Turnpike Commission, 407 Pa. 609.

The Public School Code, March 10, 1949, P. L. 30, art. XX, and the Acts of August 17, 1951, P. L. 1244 and February 17, 1970, P. L. 24 (no. 13), sec. 1, et seq., 24 PS §20-2001, et seq., provide that the Cheyney State College is one of the 14 State Colleges and Universities of the Commonwealth: 24 PS §20-2002. As such, it is decreed a part of the Commonwealth system of higher education controlled by the Board of State College and University Directors and the State Board of Education. The members of these bodies are appointed by the Governor. The Board of Trustees for the Cheyney State College is appointed by the Governor under the statutory scheme. The duties of each of these boards is set forth with great particularity by the statute.

We hold that the Cheyney State College is an instrumentality of the Commonwealth engaged in a government function. Sovereign immunity bars this action against the college. See Snyder Estate, 32 D. & C. 2d 291.

We further hold, in the alternative, that the proper forum for the action against the college is the Com-

monwealth Court: Act of July 31, 1970, P. L. 673 (no. 223), art. IV, sec. 401, 17 PS §211.401.

Accordingly, we enter the following

### ORDER

And now, June 22, 1973, it is ordered and decreed that the preliminary objections of the Cheyney State College be and the same are hereby sustained. Plaintiff's complaint against said defendant is dismissed.