Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Latrobe Steel *v.* Kenneth Caves, Appellant.

Argued October 31, 1975, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*David Simon,* for appellant.

*H. Reginald Belden, Jr.,* with him *Stewart, Belden, Sensenich and Herrington,* for appellee, Latrobe Steel.

*James N. Diefenderfer,* for appellee, Workmen's Compensation Appeal Board.

OPINION BY JUDGE ROGERS, November 26, 1975:

This is an appeal from an order of the Workmen's Compensation Appeal Board affirming a referee's decision denying compensation to a claimant, Kenneth Caves.

The claimant's usual work as a "drag down" at his employer's steel plant required him to remove heated

billets from furnaces and to drag them to a nine inch rolling mill. Although the claimant occasionally did heavier work, his duties at the nine inch rolling mill involved dragging weights weighing as little as a few pounds and as much as 100 pounds. The claimant began to experience back pains in early March 1971. He was admitted to a hospital on April 19, 1971 and discharged on May 1, 1971, on which latter date he was declared by his medical advisors to be asymtomatic. He returned to work but the back pains reoccurred. In July 1971 he was given tests at the hospital and on July 27, 1971 underwent surgery for the removal of discs. Mr. Caves was unable to continue in his former employment and on July 7, 1972, almost a year after the operation, filed his petition for compensation for disability.

The referee, after three hearings, found that the claimant had not suffered an accident and further that the claimant had failed to notify his employer within 120 days after the occurrence of an accident.[1] The Board, without taking additional testimony, affirmed the referee's order and this appeal followed.

The decision below having been adverse to the claimant, who had the burden of proof, our review is limited to a determination of whether constitutional rights were violated, an error of law was committed or competent evidence was capriciously disregarded. We are required to rely on the facts found by the referee unless we are satisfied that he capriciously disregarded competent evi-

---

1. Section 311 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, *as amended*, 77 P.S. §631, the version of which, applicable to this case, read as follows:

"Unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the accident, no compensation shall be due until such notice be given, and, unless, such notice be given within one hundred and twenty days after the occurrence of the accident no compensation shall be allowed."

dence and we may not disturb the referee's determination as to what testimony was credible. *Workmen's Compensation Appeal Board v. Rudolph,* 19 Pa. Commonwealth Ct. 625, 339 A.2d 128 (1975) ; *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Since the injuries for which compensation is here sought were assertedly suffered prior to the effective date of the 1972 amendments to The Pennsylvania Workmen's Compensation Act,[2] the claimant was required to prove that his injuries were the result of an accident. He depended in this regard on the unusual pathological result doctrine, contending that the problem with his back was caused by the physical labor performed for his employer. The difficulty with his case is that among the elements necessary to the application of the doctrine depended on, the pathological result must be traced to some definable event or series of events during the claimant's usual employment. *Hinkle v. H. J. Heinz Co.,* 7 Pa. Commonwealth Ct. 216, 298 A.2d 632 (1972).[3] The claimant testified that he could not say that he felt pain at a particular time when he pulled a certain billet from the furnace or picked a certain billet from the rails. Rather he testified that he felt a slight pain while at work and that the pain became worse as time went on. He also testified to periods of remission from the pains. The referee's con-

---

2. By Section 2 of the Act of October 17, 1972, P.L. 930, *as amended,* amending Section 301(c) of the Act, 77 P.S. §411.

3. In *Hinkle v. H. J. Heinz Co.,* the claimant sought compensation for loss of hearing caused by continuous noise at his employer's plant. Our holding affirming the denial of compensation by a referee and the Workmen's Compensation Appeal Board was reversed by our Supreme Court on the ground that each outburst of noise was a trauma. *Hinkle v. H. J. Heinz Co.,* Pa. , 337 A.2d 907 (1975). The Supreme Court's reasoning would seem to have no application here because no trauma or series of traumas was here proved.

clusion that the claimant had not brought himself within the doctrine was not arrived at by disregarding competent evidence, capriciously or otherwise.

Neither are we able to conclude that the referee capriciously disregarded competent evidence in finding that the claimant had not given his employer the notice required by Section 311 of the Act, 77 P.S. §631. The question of whether notice was given was one of fact. *Wilkinson v. United Parcel Service*, 158 Pa. Superior Ct. 22, 43 A.2d 408 (1945). The claimant testified that in April 1971 he reported either to his foreman or to the mill supervisor that he would be unable to work for a time. He did not relate his incapacity to anything concerned with his employment. The claimant also testified that he later reported to his employer that he had undergone surgery. His medical and hospital bills were paid for by Blue Cross and Blue Shield and he received sickness and accident benefits provided by the employer. His employer's safety inspector testified that the company's records contained no record of an accident to or injuries suffered by the claimant, and that the first notice it had of possible work-related accidental injuries to the claimant was by the latter's claim petition.

ORDER

AND NOW, this 26th day of November, 1975, the order of the Workmen's Compensation Appeal Board is affirmed.