Mary C. Rawling, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Pittsburgh Board of Education, Respondents.

Argued March 10, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Thomas W. Henderson,* with him *Joel Persky,* of *Baskin & Sears,* for petitioner.

*David H. Dille,* Assistant Solicitor, with him *Robert J. Stefanko,* Solicitor, for respondent.

OPINION BY JUDGE MENCER, May 15, 1980:

Mary C. Rawling (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which dismissed her claim petition and thus denied her benefits under The Pennsylvania Workmen's Compensation Act (Act).[1] Claimant was employed as a cleaner by the Pittsburgh Board of Education. On January 6, 1975, her purse was snatched from her as she was walking from two portable classrooms, where she had been working, to the main school building. Claimant immediately reported the purse snatching to the principal of the school and told other coemployees of the incident. The police were called and claimant was interviewed by investigating officers and thereafter she completed her daily work duties.

The claimant testified at the hearing before the referee that she was thrown to the ground when her purse was snatched and this resulted in an injury to her right knee. In addition, claimant's preexisting psychotic condition was aggravated and she suffers from traumatic neurosis. These conditions are totally disabling and claimant would be entitled to compensation if she had provided her employer with the required statutory notice of her injury.

Recently, our Supreme Court set forth the legal principles which are applicable here, when it stated in *Katz v. Evening Bulletin*, 485 Pa. 536, 539-40, 403 A.2d 518, 519-20 (1979):

Section 311 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §631, makes notice to the employer within 120 days of an injury arising in the course of employment a prerequisite to compensation under the Act. We recognize as a threshold principle of con-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

struction 'that [c]ourts should not read into The Workmen's Compensation Act a stricter requirement than the language of the Act imports in regard to notice of an accident. It must be liberally construed' to effect the purposes of the provision. McCann v. Cross Bros. Meat Packers, 205 Pa. Super. 255, 257, 208 A. 2d 887, 889 (1965). See e.g., Plasteel Products Corp. v. Workmen's Compensation Appeal Bd., 32 Pa. Cmwlth. 405, 379 A.2d 908 (1977) (obligation of court to liberally construe Act so that its humanitarian purpose of protecting workmen is realized); General Tire & Rubber Co. v. Workmen's Compensation Appeal Bd., 16 Pa. Cmwlth. 473, 332 A.2d 867 (1975). The notice provisions of the Act permit an employer to investigate claims while the events in question are still recent. Notice may also warn an employer of dangerous employment conditions and, thus, facilitate their speedy correction. See Padilla v. Chain Bike Corp., 27 Pa. Cmwlth. 190, 365 A.2d 903 (1976); McCann, supra; Wilkinson v. United Parcel Service of Pa., 158 Pa. Super. 22, 43 A.2d 408 (1945); Dorsch v. Fisher Scientific Co., 136 Pa. Super. 197, 7 A. 2d 604 (1939).

Section 312 of the Act specifies that notice 'shall inform the employer that a certain employe received an injury, described in ordinary language, in the course of his employment on or about a specified time, at or near a place specified.' . . . Whether notice has been given is a question of fact. Workmen's Compensation Appeal Board v. Caves, 22 Pa. Cmwlth. 102, 347 A.2d 761 (1975); Wilkinson, supra. The referee is the ultimate factfinder where, as here, the appeals board takes no additional evidence.

E.g., Sears, Roebuck & Co. v. Workmen's Compensation Appeal Board, 32 Pa. Cmwlth. 330, 379 A.2d 648 (1977). And the facts found by the referee are binding on reviewing courts. See Dunlap v. Workmen's Compensation Appeal Board, 17 Pa. Cmwlth. 19, 330 A.2d 555 (1975). . . . Thus, we are limited to an examination of whether there is competent, substantial evidence in the record to support the fact-finder's determination. Montgomery Mills Co. v. Workmen's Compensation Appeals Board, 26 Pa. Cmwlth. 471, 364 A.2d 508 (1976) (' ''Substantial evidence'' is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.') ; Workmen's Compensation Appeal Board v. Auto Express, Inc., 21 Pa. Cmwlth. 559, 346 A.2d 829 (1975).

Thus, mindful of these legal principles, we have carefully examined the record and can only conclude that claimant failed to give notice to her employer within 120 days of an injury arising from the purse-snatching incident of January 6, 1975. We are of the view that the Board faced up to the vital issue in this case and correctly reasoned as follows:

The [employer] alleges that the first notice it received was the filing of the Claim Petition on November 10, 1975.

Referee Ortale's sole finding on this subject was:

THIRD: The [employer] had notice of the purse snatching incident on January 6, 1975 when the Claimant notified the night man, Clinton Bottom, at the school, her supervisor.

The record does not support this Finding, even if by 'incident' the Referee meant 'injury'.

On direct examination, the Claimant testified that she reported the incident (not any injury) to a number of coemployees and supervisors. She gave no testimony at all as to Clinton Bottom.

The Clinton Bottom reference came in cross-examination of the Claimant, viz:

Q. Now also on your Claim Petition you indicate that you personally notified a Mr. Clinton Bottoms (sic) of the incident; is that correct?

A. Let me put it this way, when the incident happened like I have already stated, my co-worker reported it to the principal.

Q. Yes.

A. Within minutes, the principal, vice-principal, Mr. Bottoms, and Mrs. Ransaw were right there. All of us were right there in the circle out in the hall of the school and I was talking. I was being asked questions by the principal and I answered her.

Q. Now at this time then did you state to any of the individuals gathered there that you were either thrown to the ground or that you were physically touched or injured by the mugger?

A. To the best of my ability I said that I had my purse snatched and I don't know whether I said I was thrown to the ground at that particular moment or not.

Q. All right. But it is your testimony that when the purse was grabbed, you were thrown to the ground?

A. I was pulled to the ground, yes, sir.

Q. Now do you remember speaking with the Pittsburgh Police later that afternoon?

A. Yes, I do.

Q. Do you remember giving the Pittsburgh Police a statement?

A. Yes, I do.

Q. Do you remember if the Pittsburgh Police asked you if you sustained any injuries?

A. No, I don't recall. In the state of mind that I was in, I don't remember.

Q. Okay. Do you remember volunteering any information that you were injured?

A. I might have said that I, a knife was drawn on me and my purse was snatched which it was.

Q. But you are not sure if you would have mentioned to the police that you were physically thrown to the ground?

A. I am not sure, no.

The Claimant's burden of proof requires more than notice of an incident. She must inform the employer of an 'injury' within 120 days after the injury.

In certain cases, in which the nature of the injury or its relationship to the employment is not known to the employee, the time does not begin to run until the employee knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to the employment.

On this record, the latter provision is not applicable, the Claimant having testified that her knee was sore from the time of the accident and for the next six months and that her nervous condition has persisted ever since the accident.

Since the claimant did not meet her burden of proof as to notice of injury to her employer as required by Section 311 of the Act, 77 P.S. §631, we make the following

ORDER

Now, this 15th day of May, 1980, the order of the Workmen's Compensation Appeal Board, dismissing the claim petition of Mary C. Rawling, is affirmed.