Beaver Supermarket and U.S. Fidelity & Guaranty Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and James E. Sheldrake, Respondents.

Argued December 12, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Raymond F. Keisling, Will & Keisling,* for petitioners.

*Amiel B. Caramanna, Jr.,* with him *Alexander J. Pentecost,* for respondents.

OPINION BY JUDGE MACPHAIL, February 6, 1981:

Beaver Supermarket (Employer) and U.S. Fidelity & Guaranty Company have filed this appeal from the decision by the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting benefits to James E. Sheldrake (Claimant) pursuant to The Pennsylvania Workmen's Compensation Act[1] for total disability arising out of and in the course of his employment. We affirm.

---

[1] (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 *et seq.*

Claimant worked for the Employer, as a butcher, from 1946 to 1977. On September 18, 1969, he injured his back at work; the Employer's insurance covered the cost of treatment and no loss of earnings occurred. The record shows, however, that Claimant had recurring pain in his back and experienced acute symptomology in or about August of 1974. He was treated by Dr. Walter J. Helsing. The Employer's insurance carrier paid all medical expenses. Again, however, the Claimant sustained no loss of earnings. In November of 1976, Dr. Helsing recommended that Claimant be placed in a body cast; this treatment was used until December 17, 1976. Claimant continued to work while in the body cast, thus sustaining no loss of earnings. The body cast alleviated Claimant's symptoms, but upon its removal, the pain returned. Because the body cast had relieved Claimant's pain, Dr. Helsing recommended a spinal fusion. Claimant testified that he had discussed his back problems with his supervisor on several occasions during the period from 1969 to 1977 and specifically informed him on March 19, 1977 that surgery had been recommended. Claimant underwent surgery on or about April 8, 1977 and has been permanently disabled from performing his job as a butcher as a result thereof. The Employer's insurance carrier has paid for all medical costs incurred by Claimant on account of his continuing back problems since 1969 including the spinal fusion performed in 1977.

Three issues are presented for our review: 1) whether the referee's finding that Claimant has established entitlement to benefits is supported by substantial evidence; 2) whether Claimant gave timely notice of his injury to his Employer; and 3) whether the referee properly awarded counsel fees to Claimant.

Dr. Helsing, Claimant's treating physician, testified that he first examined Claimant in August of 1974 and that this examination revealed evidence of a

degenerative discogenic syndrome that was continually aggravated by Claimant's work activity. Dr. Helsing treated Claimant conservatively, but concluded, in 1977, that surgery was necessary to relieve the pain. Dr. Helsing's testimony unequivocally linked Claimant's back problems to his work.

Dr. Robert F. Botkin examined the Claimant at the request of the Employer. His testimony did not contradict or refute that of Dr. Helsing.

The claim petition filed by the Claimant listed the date of injury as March 23, 1974 to March 23, 1977. The Claimant amended the petition at the first referee's hearing to allege that the cumulative lifting and bending involved in Claimant's job caused his back problem.

The Employer argues that, the referee awarded benefits based on a finding that a work related injury had been sustained on March 22, 1977. The Employer contends that the Claimant failed to produce any evidence of an injury on March 22, 1977 and that, therefore, the referee's finding is not based on substantial evidence.

The pertinent language of the referee's crucial findings is as follows:

[T]he claimant suffers a degenerative discogenic back problem which was progressively aggravated by his required work duties necessitating a spinal fusion to alleviate his symptoms of pain and that as a result has been totally disabled since March 23, 1977.

All of the lay and medical testimony clearly indicates that the claimant sustained progressive injuries in the way of aggravations to a preexisting back condition by reason of the stress to which his back was subjected in the performance of his work duties up to and including March 22, 1977. Accordingly, he sus-

tained continuing injuries to his back the last which occurred on March 22, 1977.

The claimant filed his Claim Petition with the Bureau on May 27, 1977, well within the three (3) year statute of limitations which commenced on March 22, 1977 when he last sustained an aggravating injury to his back.

The referee did not base the grant of benefits on an injury of March 22, 1977, but on the cumulative daily aggravation of the pre-existing back condition. This finding is in accord with our decision in *Firestone Tire & Rubber Co. et al. v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 142, 396 A.2d 902 (1979). There, the claimant sustained a work-related injury to his elbow in 1966 which did not result in any loss of earnings. In 1974, the claimant complained of atrophy of the muscle in his right hand and filed a claim petition. This Court affirmed the Board's award of benefits (which had been denied by the referee) holding that the claimant suffered an injury due to "repetitive trauma." Notwithstanding the fact that the claimant could point to no specific work-related injury other than the incident in 1966, we held that: "It is clear that an injury to be compensable under the Act is not required to have resulted from any sudden occurrence or accident but may be due to daily trauma or a daily aggravation of a pre-existing injury." *Id.* at 146, 396 A.2d at 904.

In the instant case, the Claimant truly had no *disabling* injury until the spinal fusion operation occurred, but each day of work subsequent to the injury sustained in 1969 was a recurring daily aggravation of a pre-existing injury compensable under our holding in *Firestone Tire & Rubber Co. et al. v. Workmen's Compensation Appeal Board, supra.*

The Employer next argues that Claimant should be denied benefits because he failed to give proper notice under Section 311 of the Act, 77 P.S. §631.

Whether notice has been given is a question of fact for the referee and a finding of proper notice will be upheld if based on substantial evidence. *Rawling v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 385, 414 A.2d 447 (1980).

In the instant case, Claimant testified that he had discussed his back problems with his employer on a number of occasions. It is clear that the Employer was aware of the Claimant's medical history of back pain since the Employer's workmen's compensation insurance carrier had paid all of Claimant's medical costs incurred for treatment of back pain since 1969.

The Employer argues that it received no notice of any injury on March 22, 1977. The Employer chooses thereby to ignore Claimant's contention that his disability resulted from continual aggravation of a pre-existing back problem. The Employer was clearly aware of Claimant's belief that his work was causing damage to his back. The referee's finding of notice is based on substantial evidence and will be affirmed.

Finally, the Employer contends that there was a reasonable basis on which to contest this claim and, therefore, the referee erred in awarding counsel fees under Section 440 of the Act, 77 P.S. §996. We cannot agree.

The referee's award of attorney's fees based on his finding that there was no reasonable basis for contesting Claimant's application for benefits is a conclusion of law subject to review on that basis by this Court. *Hartman v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 609, 333 A.2d 819 (1975). We find no error in the referee's conclusion herein. There was no conflict in medical testimony and no evidence was offered to show either that no disability existed or that it was not work-related. The Employer's sole contention on the merits appears to be that no unusual injury or accident occurred on March

22, 1977. This is hardly a viable challenge and casts no shadow of doubt on Claimant's unequivocal medical evidence. We will affirm the grant of attorney's fees.

Because we find no merit in any of the Employer's arguments, we will affirm the decision of the Board.

ORDER

AND Now, this 6th day of February, 1981, the decision of the Workmen's Compensation Appeal Board is hereby affirmed and it is ordered that judgment be entered in favor of James E. Sheldrake and against Beaver Supermarket and U.S. Fidelity & Guaranty Company for compensation at the rate of $199.00 per week beginning March 23, 1977 and continuing within the provisions of The Pennsylvania Workmen's Compensation Act.

Interest is payable on deferred compensation at the rate of ten per centum per annum.

Claimant's counsel is to be reimbursed by Beaver Supermarket or U.S. Fidelity & Guaranty Company for reasonable costs incurred in the total amount of $166.80.

Beaver Supermarket and U.S. Fidelity & Guaranty Company are liable for payment of reasonable costs of attorney fees in the amount of $4,200.00 representing approximately 20% of the deferred award in this case, further, attorney fees of $800.00 are to be added to the $4,200.00 for reimbursement for successful defense of this appeal. The fees, plus the $166.80, are to be paid directly to:

Alexander J. Pentecost, Esq.
1420 Grant Building
Pittsburgh, Pa. 15219.

All compensation and interest herein shall be paid directly to Claimant.