Congoleum Corporation and Liberty Mutual Insurance Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Dana Dexter, Respondents.

Argued April 8, 1981, before Judges MENCER, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Peter J. Weber,* with him *Lowell A. Reed, Jr., Rawle & Henderson,* for petitioners.

*Marc S. Jacobs,* of counsel, *Galfand, Berger, Senesky, Lurie & March,* for respondents.

OPINION BY JUDGE MENCER, July 23, 1981:

Congoleum Corporation (Congoleum) and Liberty Mutual Insurance Company (Liberty Mutual) have appealed from an order of the Workmen's Compensation Appeal Board (Board) awarding total disability benefits to Dana Dexter (claimant), pursuant to The

Pennsylvania Workmen's Compensation Act.[1] We vacate the order and remand the case for further proceedings.

After 22 years of employment as a heavy-duty mechanic, claimant filed a claim petition seeking total disability benefits, alleging that he suffered from an aggravation of a preexisting heart condition due to the stress of his daily work activities. At the hearings before the referee, claimant testified that, after a heart attack in 1972, he returned to employment and endured an increasing number of symptoms of coronary insufficiency, until he finally left work on June 2, 1976. Claimant also introduced medical evidence to show that his coronary insufficiency occurred in the course of employment and was related thereto. On the basis of this evidence, the referee awarded claimant total disability benefits as of June 2, 1976.

In this appeal, Liberty Mutual does not contest the award of total disability compensation to claimant. Rather, Liberty Mutual disputes its obligation to pay the benefits, since it was not Congoleum's insurance carrier until March 1, 1976, and the referee made no finding of fact on the date of claimant's injury.[2]

We must agree that the date of injury is a crucial finding of fact omitted in the referee's decision. Indeed, the findings are primarily a reiteration of the contents of each witness's testimony, without ever

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 *et seq.*

[2] Liberty Mutual also argues that the medical evidence in the record indicates that claimant's symptoms of coronary insufficiency had reached a climax in the middle of 1975, and no specific body change can be pinpointed as occurring while Liberty Mutual was Congoleum's insurance carrier. We have held, however, that an injury may be compensable on the basis of a daily aggravation to a preexisting injury. *Beaver Supermarket v. Workmen's Compensation Appeal Board*, 56 Pa. Commonwealth Ct. 505, 424 A.2d 1023 (1981).

resolving the conflicts in credibility raised therein. The referee's findings thus do not indicate whether he granted benefits on the basis of (1) a daily aggravation to a preexisting condition, resulting in total disability on June 2, 1976, or (2) an injury that occurred in 1975 of which Congoleum was notified, although claimant continued to work until June 2, 1976. Without the resolution of this factual issue raised by the evidence, the liability of Liberty Mutual for claimant's compensation is unclear. We must therefore remand this case for further findings of fact. *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975).

Accordingly, we enter the following

ORDER

AND Now, this 23rd day of July, 1981, the order of Workmen's Compensation Appeal Board at Docket No. A-77304 is vacated, and the case is remanded to the Board for further proceedings consistent with this opinion.