540 A.2d 638

Town & Country Fine Furniture, Petitioner *v.* Workmen's Compensation Appeal Board (Cooley), Respondents.

Argued February 24, 1988, before Judges CRAIG and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Maria Zulick, Marshall, Dennehey, Warner, Coleman and Goggin,* for petitioner.

*Christopher H. Wright, Dunn, Haase, Sullivan, Mallon & Cherner,* for respondent, Patricia S. Cooley.

*Ernest J. Bernabei, III,* with him, *John E. Smith, Harvey, Pennington, Herting & Renneisen, Ltd.,* for respondents, Charles K. Jerrechian & Sons.

OPINION BY JUDGE MACPHAIL, April 28, 1988:

Town and Country Fine Furniture (Petitioner) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision dismissing a claim petition against Charles K. Jerrechian & Sons (Jerrechian) and granting total and partial disability benefits to Claimant Patricia S. Cooley. We affirm.

On January 11, 1980, while in the course of her employment with Petitioner, Claimant injured her lower back assisting a co-worker lift a wingchair. She notified her supervisor and completed the day. Claimant missed the next three work days. She saw her family doctor on January 22, 1980, and he diagnosed right lumbosacral sprain and prescribed a muscle relaxant and analgesic. Claimant made no claim for benefits at this time.

Claimant left Petitioner's employ in December, 1980, to accept a similar position with Jerrechian for thirty-six hours per week. On July 17, 1982, when attempting to display a rug for a customer, Claimant felt a sharp pain in her back. She reported the incident to her manager and finished working that day. The following day, however, Claimant left early due to pain, and on the next day, left after working one hour due to numbness in her right leg and bad pain in her back. Claimant was bedridden for six weeks following this, and was under the care of both a physician and a physical therapist.

Claimant returned to work with Jerrechian on September 14, 1982. At first, she worked two days a week for two or three hours a day, and later increased her hours to a maximum of twenty-four per week. Claimant continued weekly physical therapy and ultrasound treatments.

On November 1, 1982, Claimant filed a claim petition against Petitioner alleging that the 1980 incident resulted in her 1982 disability. Claimant also filed a claim petition against Jerrechian for the 1982 incident.

As previously indicated, the referee dismissed the petition against Jerrechian, concluding that the 1982 incident was a recurrence of the 1980 injury Claimant sustained in Petitioner's employ. The referee, accordingly, awarded compensation for total disability for the period from July 22, 1982 through September 13, 1982, and partial disability thereafter, when Claimant had reduced her work week to twenty-four hours.

On appeal, the Board concluded that Claimant's disability following the 1982 injury was a recurrence of the 1980 injury. The Board denied Petitioner's request for rehearing, and Petitioner has petitioned for our review.

Petitioner argues that the Board's order charging compensation to Petitioner is erroneous and unsupported by substantial evidence because the evidence establishes that Claimant's disability resulted from a new injury or an aggravation of a pre-existing condition occurring in the course of Claimant's employ with Jerrechian and was not a recurrence of the 1980 injury. Our scope of review is, of course, limited to a determination of whether constitutional rights have been violated, an error of law committed, or whether necessary findings of fact are not supported by substantial evidence. *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Co.),* 104 Pa. Commonwealth Ct. 175, 521 A.2d 503 (1987).

Under Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1), an "injury" may include the aggravation of a pre-existing condition. A claimant is entitled to workmen's compensation benefits for such an injury upon a showing that he suffered a disabling injury in the course of and related to his employment. *Porochniak v. Workmen's Compensation Appeal Board (Container Corp. of America),* 67 Pa. Commonwealth Ct. 368, 447 A.2d 346 (1982). Under Sec-

tion 413 of the Act, 77 P.S. §772, a claimant may be entitled to a reinstatement of benefits upon proof that his disability has recurred. In such a case, the claimant bears the burden of proving that disability has increased or recurred after the date of the prior award and so must establish that his physical condition has actually changed in some manner. *Memorial Osteopathic Hospital v. Workmen's Compensation Appeal Board (Brandon)*, 77 Pa. Commonwealth Ct. 518, 466 A.2d 741 (1983).

The distinction between disability resulting from an aggravation of a pre-existing condition and recurrence of prior disability is that in the former situation the employer at the time of the aggravating injury is responsible for compensation. In the latter case, the employer at the time of the original injury is liable for disability resulting from the recurring injury. *See, e.g., Memorial Osteopathic Hospital.* Accordingly, in the case at bar, inasmuch as the referee determined that Claimant's 1982 disability was a recurrence of the 1980 injury in Petitioner's employ, benefits were charged to Petitioner.

We must note at this juncture, however, that the claim petition filed by Claimant against Petitioner for the 1982 disability resulting from the 1980 injury was not a petition for reinstatement of benefits encompassed by Section 413. Claimant never received benefits for the 1980 injury, and there was no determination of disability to recur. Regardless of the referee's characterization of the matter before him, therefore, the issue should not have been whether Claimant proved a *recurrence* of her 1980 disability. The appropriate question was whether the 1982 disability was a continuation of the 1980 injury, and we will review the referee's and Board's decisions accordingly.

The referee's findings of fact regarding Claimant's 1982 disability include the following:

10. The cause of claimant's low back pains resulting in total disability from July 22, 1982 up to and including September 13, 1982 and partial disability thereafter was a recurrence on 7/17/82 of the original injury of January 11, 1980.

11. The Referee accepts the testimony of Drs. William J. Erdman and Ronald B. Greenee [sic] as credible and worthy of belief that the injury of July 17, 1982 was a recurrence of the injury of January 11, 1980. The Referee accepts as credible and worthy of belief the testimony of said doctors that claimant continues to suffer from chronic low back pain and has therefore been unable to return full time to her regular duties as a sales designer.

It is well settled that questions of credibility and evidentiary weight are to be resolved by the referee, and that the referee may accept or reject the testimony of any witness. *Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.)*, 90 Pa. Commonwealth Ct. 246, 494 A.2d 877 (1985). Our review of the record before us, including the medical testimony, assures us that the referee was within his province in accepting the testimony that Claimant suffered a "recurrence" of her 1980 injury and not an aggravation of that injury in 1982. We are satisfied, furthermore, that the referee's findings are supported by substantial evidence, and that these findings support the conclusion that Claimant's 1982 disability resulted from a continuation of her 1980 injury.

Accordingly, we will affirm the Board's order affirming the decision of the referee.[1]

---

[1] In so concluding, we decline to accept Petitioner's argument that the Board erred in denying its request for rehearing to allow it to introduce new evidence relating to yet other employment claimant engaged in after leaving Petitioner. We are well aware of our

ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned proceeding is hereby affirmed.

---

Supreme Court's recent decision in *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988). There, this Court was reversed when we held that the Board erred when it ordered a rehearing for the admission of newly-discovered medical evidence. While the Board has broad powers to grant a rehearing, *Cudo,* we do not believe our Supreme Court intended to make the grant of a rehearing obligatory where the Board has properly exercised its discretion in *denying* a rehearing. Here, we find no abuse of the Board's discretion.