559 A.2d 84

**FIDELITY MUTUAL LIFE INSURANCE CO., and Liberty Mutual Insurance Co., Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (GOURLEY and Pennsylvania Manufacturers Association Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 24, 1989.

Decided May 18, 1989.

Reargument Denied July 27, 1989.

Clifford A. Goldstein, Lynn G. Levy, Rawle & Henderson, Peter J. Weber, Philadelphia, for petitioners.

John A. Fitzpatrick, Mylotte, David & Fitzpatrick, Philadelphia, for respondent, Theresa Gourley.

J. Scott Kramer, Teresa Ficken Sachs, Duane, Morris & Heckscher, for respondent, Pennsylvania Manufacturers' Association Insurance Company.

Before PALLADINO and SMITH, JJ., and KALISH, Senior Judge.

PALLADINO, Judge.

Fidelity Mutual Life Insurance Company (Employer) and Liberty Mutual Insurance Company (Liberty Mutual) appeal from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's grant of workmen's compensation benefits to Theresa Gourley (Claimant) pursuant to section 301(c) of the Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411.

Claimant was employed by Employer from August, 1967 until late February, 1980, as an insurance reconciliation administrator. In late 1978 or early 1979, Claimant began experiencing sore throats, wheezing and a rash on her hands and forearms. Claimant's symptoms were caused by an allergic reaction to carbon paper, carbonless paper and certain printed materials. Claimant's allergy causes her to suffer hives, skin irritations and asthma when she is exposed to these substances. The referee awarded temporary total disability benefits, based on the following pertinent findings of fact:

5. The Referee finds from a review of the evidence and specifically from a review of the testimony of the Claimant herself, that Claimant's symptoms became progressively worse during her entire subsequent employment with Fidelity Mutual Life Insurance Company, and that the progressive worsening of these symptoms resulted in Claimant's leaving her employment as of March 3, 1980.

6. The Referee finds from a review of the evidence that Claimant did not become injured until March 3, 1980.

7. The Referee finds from a review of the evidence that Claimant did not become disabled until March 3, 1980.

The referee concluded that Liberty Mutual, which became Employer's insurer as of January 1, 1980, was the insurance carrier responsible for payment of benefits to Claimant. Liberty Mutual appealed to the Board, asserting that the referee erred in determining the date of Claimant's injury. The Board rejected Liberty Mutual's argument, and affirmed Liberty Mutual's responsibility for payment of bene-

fits to Claimant.[1] Liberty Mutual has appealed to this court.[2] For the reasons which follow, we affirm.

The sole issue before us is whether the referee erred in determining that Claimant's injury and disability occurred on March 3, 1980. Liberty Mutual argues that Claimant's disabling allergy was an injury in 1979 and that when Claimant stopped working on March 3, 1980 because of the disability, Claimant had suffered a recurrence of her prior injury. Thus, Liberty Mutual argues that Employer's insurance carrier in 1979[3] is the insurance carrier responsible for payment of benefits to Claimant.

If a claimant's disability is the result of aggravation of a preexisting condition, then the injury is treated as one occurring at the time of the aggravation. *Swartz v. Workmen's Compensation Appeal Board (Dutch Pantry Restaurant)*, 117 Pa.Commonwealth Ct. 47, 543 A.2d 201 (1988). If, on the other hand, a claimant's disability results from a recurrence of a prior work related injury, then the injury is not a new one, but is a recurrence. *Id.* Liberty Mutual argues that Claimant's injury occurred at some indeterminate date in 1978 or 1979 when Claimant became sensitized to some component in various types of paper and/or ink. Liberty Mutual asserts that the sensitization was the initial injury in the present case, and that when Claimant left her employment it was as a result of a recurrence of the initial injury. More specifically, Liberty

1. Claimant also appealed the referee's decision, contesting the referee's conclusion that benefits were to be terminated as of October 13, 1982. The Board reversed the referee's order insofar as it terminated benefits as of October 13, 1982, and modified the award to provide temporary total disability from February 28, 1980 to August 8, 1983, with Claimant to receive partial disability benefits thereafter. Claimant has not appealed to this court.

2. Our scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, an error of law has been committed or constitutional rights have been violated. *Allied Chemical Company v. Workmen's Compensation Appeal Board (Witkowski)*, 115 Pa.Commonwealth Ct. 251, 539 A.2d 1386 (1988).

3. The Pennsylvania Manufacturers Association Insurance Company, Employer's insurance carrier in 1979, was a defendant in the proceedings before the referee and Board and has filed a brief with this court as a respondent.

Mutual argues that the referee's finding of fact number 5, that Claimant's disability is the result of an aggravation of a preexisting condition,[4] is unsupported by substantial evidence.

Initially, we note that Claimant cannot have suffered a recurrence of a prior injury because Claimant never received benefits for a prior injury, and, thus, there was no determination of a disability that could recur. *Town & Country Fine Furniture v. Workmen's Compensation Appeal Board (Cooley)*, 115 Pa.Commonwealth Ct. 484, 540 A.2d 638 (1988).[5] Instead, the issue is whether the disabling injury was a continuation of an earlier injury. *Id.* If an injury is a continuation of an earlier injury, then the employer/insurance carrier at the time of the earlier injury is liable for the payment of workmen's compensation benefits. *Id.* We shall treat Liberty Mutual's argument as one of whether Claimant suffered a continuation of an earlier injury or an aggravation of a preexisting condition.

Although the specific question of sensitization to an allergen has not been addressed by this court, prior caselaw does provide guidance for the resolution of the issue raised in this case. In *Beaver Supermarket v. Workmen's Compensation Appeal Board (Sheldrake)*, 56 Pa.Commonwealth Ct. 505, 424 A.2d 1023 (1981), the claimant worked for the employer as a butcher from 1946 to 1977. In 1969, the claimant injured his back at work. Thereafter, the claimant progressed through various courses of medical treatment, including being placed in a body cast, without any loss of earning power. In April of 1977, the claimant

---

**4.** Although the referee did not use this "aggravation of a preexisting condition" language, the parties do not dispute that the substance of the referee's findings indicate that he deemed Claimant's injury as one resulting from aggravation of a preexisting condition.

**5.** In *Town & Country,* the referee determined that the claimant's injury was a recurrence of an earlier back injury suffered while the claimant was employed by another employer. After noting that the issue could not be one of recurrence, we affirmed the referee's finding that the claimant's 1982 back injury was a continuation of her 1980 back injury. Thus, the claimant's 1980 employer was liable for payment of benefits.

underwent a spinal fusion, which resulted in the claimant's permanent disability from performing his job. The referee awarded benefits, the Board affirmed and the employer appealed to this court. In *Beaver Supermarket*, we stated, in pertinent part:

> The referee did not base the grant of benefits on an injury of [a specific date], but on the cumulative daily aggravation of the pre-existing back condition.
>
> .    .    .    .    .
>
> In the instant case, the Claimant truly had no *disabling* injury until the spinal fusion operation occurred, but each day of work subsequent to the injury sustained in 1969 was a recurring daily aggravation of a pre-existing injury. . . .

56 Pa.Commonwealth Ct. at 509, 424 A.2d at 1025 (emphasis in original). We affirmed the grant of benefits, and accepted the referee's finding that the last injury to the claimant's back occurred on the last date on which the claimant worked. *Id.*

In *Divine Providence Hospital v. Workmen's Compensation Appeal Board (Bonner)*, 75 Pa.Commonwealth Ct. 565, 462 A.2d 917 (1983), the claimant was employed as an emergency room physician, and worked ten or fourteen hour shifts every two days, with much of his working time spent standing or walking. The claimant suffered from a condition known as Charcot's foot, a disease of the nerves, which causes the bones of the feet to deteriorate, the arches to collapse and other deformities. In addition to Charcot's foot, the claimant suffered from an arterial insufficiency in the lower limbs. Neither the Charcot's foot nor the arterial insufficiency was caused by the claimant's employment.

In July of 1979, the claimant developed an ulcer on his right foot. The ulcer was caused by aggravation of the claimant's medical conditions, resulting from the long periods of standing and walking. Because of the worsening ulcer and increasing pain in his right foot, the claimant was hospitalized on August 27, 1979. Treatment failed, and the

claimant's right foot was amputated in January of 1980. The referee found that there was "no specific incident which lead to the eventual amputation of the right foot; that each day's work during which pressure was exerted upon the diseased foot, was an injury; and that the date of injury was the last day the [claimant] was able to work...." 75 Pa.Commonwealth Ct. at 567, 462 A.2d at 918. The employer's insurance carrier appealed, and the Board affirmed. The insurance carrier appealed to this court, asserting that the date of injury was in July of 1979 when the ulcer was discovered. We rejected the insurance carrier's argument and, relying on *Beaver Supermarket,* we affirmed the grant of benefits as of the claimant's last day of work.

■ Turning to the present case, we shall now address Liberty Mutual's argument that the referee's finding that Claimant suffered an aggravation of a preexisting condition is unsupported by substantial evidence. It is beyond question that in workmen's compensation cases the referee is the sole fact finder and arbiter of credibility. *Town & Country.* Claimant's testimony as to the progressive worsening of her condition, combined with the medical testimony as to Claimant's allergy and disability, constitutes substantial evidence to support the referee's finding.[6]

6. *Divine Providence* and *Beaver Supermarket,* of course, provide support for the result reached in this case. *See also Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Company),* 514 Pa. 450, 525 A.2d 1204 (1987). In *Pawlosky,* the supreme court, in addressing an issue wholly different from the one presented by this case, stated as follows:

In the instant case the medical evidence showed, and the referee found, that the claimant had become totally disabled by the effect of chemical fumes at his workplace on his pre-existent asthmatic or pulmonary disease. According to the medical evidence from both parties those fumes aggravated or irritated the claimant's condition and, with each exposure, would produce an adverse physiological reaction called a bronchospasm, during which he would undergo difficulty in breathing. Given the nature of a bronchospasm, each instance in which such an attack was caused by the chemical fumes would constitute an 'injury'....

*Id.,* 514 Pa. at 461, 525 A.2d at 1210.

Accordingly, the decision of the Board is affirmed.[7]

## ORDER

AND NOW, May 18, 1989, the decision of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

7. Our resolution is, of course, limited to the facts of this case. It is entirely possible that an employer could persuade a referee that a claimant's allergy sensitization was an initial injury and that a claimant's termination of employment resulted from a recurrence (if applicable) or continuation of the initial injury. In the present case, Liberty Mutual presented no testimony, medical or otherwise, that Claimant's injury was a continuation of an earlier injury.