48

632 A.2d 979

REFINERS TRANSPORT AND TERMINAL and
Allstate Insurance Company, Petitioners,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (Robert G.
HARRIS and Reliance Insurance Company), Respondents.

REFINERS TRANSPORT & TERMINAL (Reliance
Insurance Company), Petitioner

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (ALLSTATE INSURANCE
COMPANY), Respondent.

REFINERS TRANSPORT & TERMINAL (Reliance
Insurance Company), Petitioner

v.

WORKMEN'S COMPENSATION APPEAL BOARD (HARRIS
and Refiners Transport & Terminal (Allstate Insurance
Company)), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 18, 1993.

Decided Oct. 12, 1993.

50

James A. Mazzotta, for petitioners.

Pamela G. Cochenour, for respondent Reliance Ins. Co.

Before COLINS and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

COLINS, Judge.

Robert G. Harris (claimant) was employed as a tanker truck driver for approximately six years by Refiner's Transport and Terminal (employer). Claimant's last day of work was August 17, 1989, at which time claimant stopped working because the pain in his back and legs became intolerable. In March, 1990, claimant filed two claim petitions for workmen's compensation benefits. The first petition, filed against employer and its first insurance carrier, Allstate Insurance Company (Allstate), alleged that claimant was injured on January 3, 1989. The second petition, filed against employer and its second insurance carrier, Reliance Insurance Company (Reliance), alleged that claimant was injured on August 17, 1989.

The referee consolidated the two petitions and decided the matter by issuing one set of fact findings and one decision. Among the referee's findings of fact are the following:

## FINDINGS OF FACT

7. From the testimony of the claimant, which your Referee finds to be credible, your Referee makes the following Findings of Fact:

(a) The claimant had been employed by the Defendant as a tanker truck driver continuously for the past six years.

(b) In January, 1988, the claimant was given a new truck to operate, an R–Model Mack truck.

(c) Almost immediately after receiving the new truck in January, 1988, the claimant noticed a problem with the vehicle's front suspension system. The truck was rough riding, and caused a bumping, jolting and jarring of the claimant while operating the truck.

(d) The claimant reported the problem with the vehicle to his supervisors from February 4, 1988 through August 11, 1989. (See Claimant's Exhibit No. 8). The Defendant's efforts to correct the suspension problem were not successful.

(e) The claimant worked 10 hours per day and 40 to 45 hours per week. He drove approximately six hours per day, and the balance of his hours were spent loading and unloading the truck.

(f) The defective suspension system resulted in a rough riding truck which jolted, jarred, and bounced the claimant around while he operated said vehicle. During the latter part of January, 1988 and February, 1988, the claimant began to experience pain in his neck and low back.

(g) The claimant was not involved in any specific incident or accident which caused the onset of his pain; rather, it was a daily occurrence, and cumulative from the date he first began to operate the new truck.

(h) The claimant's pain in his low back and leg gradually worsened; and in January, 1989, it became so severe that he sought medical attention.

. . . .

(*l*) The claimant was off work due to back and leg pain for 8 or 10 days in January and February, 1988 [sic].

(m) The claimant returned to work for the defendant in January, 1988 [sic]. He continued to experience pain and discomfort; however, he performed his regular driving duties.

(n) Upon his return to work in January, the claimant drove the same truck with the same bumping, jolting and jarring conditions. The claimant's back pain and discomfort continued to worsen; and he would stop the truck from time to time and get out, stretch and move around in order to keep going.

(*o*) The claimant continued to operate the same vehicle with the same conditions until August 17, 1989, when he stopped working because he could not longer stand the pain and discomfort while performing his duties as a tractor trailer operator.

(p) On September 1, 1989, the claimant consulted Dr. Scott Martin, a Board Certified Neurosurgeon, at the Geisinger Medical Clinic. Dr. Martin reviewed the claimant's prior medical records and performed other testing; and on September 22, 1989, he performed a laminectomy and fusion.

. . . .

8. Counsel for the claimant offered into evidence the medical deposition of Dr. Joseph Scott Martin which was taken on October 8, 1990. Dr. Martin is a Board Certified Neurosurgeon; and he examined and evaluated the claimant on September 1, 1989 and thereafter. Dr. Martin reviewed the claimant's past medical records and diagnostic testing; and in addition, took his own history and performed certain testing. On September 22, 1989, Dr. Martin performed a laminectomy and fusion.

. . . .

14. From the testimony of Dr. Martin, which your Referee finds to be credible, your Referee makes the following Findings:

(a) The claimant suffered from a herniated nucleus pulposus at L5–S1 on the right side, and spondylolisthesis at the same time.

(b) Dr. Martin's review of the prior diagnostic test results demonstrated that the disc in the claimant's low back began to herniate when the claimant first sought medical attention in January, 1989.

(c) Based upon the claimant's first history and the medical records and diagnostic testing, Dr. Martin opined, and your Referee finds that the claimant's low back and leg

pain was caused by the cumulative trauma experienced by the claimant in the jarring, jolting and rough riding truck; and that condition was cumulative and progressive over an extended period of time from 1988 through claimant's last day of employment on August 17, 1989.

(d) As of his examination on August 28, 1990, Dr. Martin opined that the claimant could not return to his prior job as a truck driver.

(e) The findings, opinions and conclusions of the doctors corroborate the opinions expressed by Dr. Martin.

15. Your Referee finds as a fact that the claimant's operation of the vehicle with the defective suspension system from January, 1988 through January, 1989 subjected him to a repetitive trauma which aggravated his low back condition.

16. Your Referee finds as a fact that the claimant's continued operation of the truck with the defective suspension from January, 1989 through August 17, 1989 continued to subject him to a bumping, jolting and jarring, and caused a repetitive trauma which continued to aggravate the condition of the claimant's low back.

17. Your Referee finds as a fact that the claimant suffered repetitive trauma which resulted in a cumulative and progressive worsening of his low back condition, from the time he first began operating the Defendant's vehicle with a defective suspension system in January, 1988, through August 17, 1989.

18. Your Referee specifically finds as a fact that there was no specific incident or time which resulted in an immediate onset of pain; and there was no specific incident or time which could be identified as the incident causing the claimant's injury. However, the claimant's continued operation of the truck with the defective suspension system daily aggravated, and each days aggravation contributed to his low back condition, which progressively worsened until he was no longer able to continue working on August 17, 1989.

19. Your Referee finds as a fact that the claimant's injury was cumulative in nature, and resulted in his total disability beginning August 19, 1989 and continuing to and including the present time.

The referee concluded that claimant had met his burden of proving a repetitive type of work-related injury which was cumulative from January, 1988 to August 17, 1989. The referee also concluded that claimant was totally disabled as of August 17, 1989 and granted benefits beginning on that date and extending into the future. The referee mandated that one-half of the award would be paid by Allstate and the other one-half would be paid by Reliance.

Reliance and Allstate each appealed the referee's decision to the Board. The Board, by an opinion and order entered October 14, 1992, affirmed the referee's decision in part and reversed in part. The Board affirmed the referee's grant of benefits to claimant, because it agreed that claimant had suffered a cumulative, repetitive trauma injury which progressively worsened from January, 1988 until August 17, 1989. However, the Board reversed the referee's assessment of liability, because it determined that the referee acted outside his authority when he apportioned liability between Allstate and Reliance. The Board ordered Allstate to pay $170.00 in medical bills that claimant incurred in February, 1989, while Allstate was employer's insurance carrier. The Board ordered Reliance to pay all other medical bills and compensation benefits incurred after March 1, 1989, the date Reliance became employer's insurance carrier.

Allstate and Reliance each filed a petition for rehearing with the Board. In an opinion and order entered January 29, 1993, the Board denied both parties' petitions but modified its previous order to direct Reliance to reimburse Allstate its one-half share of all benefits paid pursuant to the referee's order. The Board agreed with Allstate that its order should be modified, because Allstate had paid one-half of claimant's compensation benefits and medical expenses from the time of the referee's decision until the Board's decision.

Reliance filed a petition in this Court for review of the Board's October 14, 1992 order. Reliance also filed a separate petition in this Court seeking a review of the Board's January 29, 1993 order. Allstate also filed a petition for review of the Board's October 14, 1992 order. The three petitions have been consolidated to facilitate our review.[1] We will address Reliance's arguments first.[2]

## I. ANY INJURY THAT CLAIMANT SUFFERED OCCURRED BEFORE MARCH 1, 1989 WHILE ALLSTATE WAS EMPLOYER'S INSURANCE CARRIER

Reliance submits that the Board committed an error of law when it affirmed the referee's conclusion that claimant had sustained a work-related compensable injury, as of August 17, 1989, while Reliance was employer's insurance carrier. Reliance argues that claimant was injured in January or February of 1989, at which time claimant first missed work and sought medical assistance for back, neck, and leg pains. These events occurred before Reliance became employer's insurance carrier on March 1, 1989. It is Reliance's position that claimant suffered no injury between March 1, 1989 and August 17, 1989, when Reliance was employer's insurance carrier.

Reliance supports this assertion by alleging two facts: First, that claimant had suffered a herniated disk in January of 1989 and second, that claimant had experienced all the symptoms of his injury (pain in his back, legs, and hips) by

1. Our scope of review is limited to whether there has been a violation of constitutional rights, an error of law, or whether necessary findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

2. We note preliminarily that the foundation of both arguments presented by Reliance is faulty. Both arguments dispute the date of injury found by the referee, which was August 17, 1989, the last day claimant was able to work. The referee's finding is consistent with our holdings in *Fidelity Mutual Life Insurance Co. v. Workmen's Compensation Appeal Board (Gourley)*, 126 Pa.Commonwealth Ct. 188, 559 A.2d 84 (1989) and *Divine Providence Hospital v. Workmen's Compensation Appeal Board (Bonner)*, 75 Pa.Commonwealth Ct. 565, 462 A.2d 917 (1983), that a claimant does not suffer a compensable injury until the day the claimant leaves his employment, when a single incident cannot be identified as the cause of an injury, and each day's work contributes to progressively worsen claimant's condition.

January 3, 1989 and experienced no new symptoms after that date. We disagree with Reliance's argument for two reasons. First, Reliance's attempt to date claimant's injury to the first time claimant had symptoms of an injury must fail, because an injury without disability is not compensable except in instances where a claimant has suffered a non-disabling specific loss injury as defined by Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513. *Pollard v. Workmen's Compensation Appeal Board (North Strabane Township)*, 131 Pa.Commonwealth Ct. 339, 570 A.2d 143, *petitions for allowance of appeal denied*, 525 Pa. 665, 583 A.2d 794, 525 Pa. 665, 583 A.2d 795 (1990). Since claimant's injury is not a specific loss, his injury became compensable on the date when he became disabled, August 17, 1989.

▮ Second, the referee's findings of fact contradict the allegations made by Reliance regarding the timing and nature of claimant's injury. Reliance characterizes claimant's injury as merely a herniated disk which can be identified as having occurred before or during January of 1989. However, the referee found, in Finding of Fact No. 17, that claimant suffered repetitive trauma which resulted in a cumulative injury caused by the progressive worsening of his low back from January 1988 until August 1989. Finding of Fact No. 18 states that claimant's injury was caused by the continued operation of a truck with a defective suspension system which resulted in a daily aggravation of his low back condition. The referee also determined, in Finding of Fact No. 18, that claimant's injury could not be attributed to any specific incident or linked to any brief, identifiable time period.

▮ If the Board takes no additional evidence, the referee is the ultimate fact finder and his findings will not be disturbed by this Court when they are supported by substantial, competent evidence. *Levering v. Workmen's Compensation Appeal Board (Buck Company, Inc.)*, 153 Pa.Commonwealth Ct. 533, 621 A.2d 1178 (1993). Substantial, competent evidence exists if the record contains sufficient relevant evi-

dence as a whole which a reasonable mind might accept as adequate to support a conclusion. *Id.*

After reviewing the record testimony of the claimant and his medical witness, Joseph Martin, M.D. (Dr. Martin), we conclude that the referee's Findings of Fact Nos. 17 and 18 are supported by substantial evidence.[3] These findings support the conclusion, shared by the referee and the Board, that claimant met his burden of proving that he had suffered a work-related injury which was cumulative in nature and which had occurred during the course of his employment with employer from January 1988 to August 17, 1989. Therefore, we conclude that the Board did not commit an error of law, when it affirmed the referee's decision in part.

## II. DID THE REFEREE NEED TO MAKE A SPECIFIC FINDING THAT A WORK–RELATED INCIDENT OCCURRED SUBSEQUENT TO MARCH 1, 1989 WHICH MATERIALLY CONTRIBUTED TO CLAIMANT'S DISABLING CONDITION?

Reliance also submits that the Board committed an error of law, when it affirmed the referee's decision in part, because the referee did not make a specific finding that a work-related incident occurred between March 1, 1989 and August 17, 1989 and materially contributed to claimant's disability. Reliance argues that without this specific finding, the Board and the referee cannot place liability for claimant's injury on Reliance.

■ The significance Reliance places on this "missing" finding of fact is based on previous decisions by this Court involving disputes between insurance carriers over liability in instances where a claimant has suffered more than one injury. We have held that if a compensable disability results directly from a prior injury but manifests itself after an intervening incident which does not contribute materially to the disability, then the intervening incident does not create a separate

3. Claimant's entire testimony, taken as a whole, supports these fact findings, but his specific testimony at pages 16–19 of the transcript of the May 18, 1990 hearing supports these findings. The referee's findings are also supported by the October 8, 1990 deposition testimony of Dr. Martin at pages 4–10.

compensable injury for purposes of a contest between two insurance carriers. *Lawrence v. Workmen's Compensation Appeal Board (Commercial Lovelace Motor Freight, Inc./Banner Industries)*, 125 Pa.Commonwealth Ct. 701, 559 A.2d 67 (1989), *petitions for allowance of appeal denied*, 524 Pa. 631, 574 A.2d 72 (1990); *Ingersoll Rand Company v. Workmen's Compensation Appeal Board*, 62 Pa.Commonwealth Ct. 507, 437 A.2d 94 (1981). If the intervening incident contributes materially to the disability, then it creates a separate compensable injury. *Lawrence.*

However, what Reliance's argument neglects is that the referee in the present matter did not find a *prior injury*, which could either recur or be aggravated during the March 1, 1989 to August 17, 1989 time period. The referee found one injury which occurred from January 1988 until the claimant was disabled on August 17, 1989. The referee found that the injury progressed throughout that time period and that the injury was not precipitated by a single incident or event. A claimant could not have suffered a recurrence of a prior injury so as to render a prior insurer liable, when the claimant never received benefits for a prior injury, and there was thus no determination of a disability which could recur. *Fidelity Mutual Life Insurance Company v. Workmen's Compensation Appeal Board (Gourley)*, 126 Pa.Commonwealth Ct. 188, 559 A.2d 84 (1989). Therefore, the referee did not need to make a specific finding that a work-related incident occurred between March 1, 1989 and August 17, 1989 which materially contributed to claimant's disability. The Board correctly affirmed the referee with respect to the nature of claimant's injury.

Having addressed both arguments presented by Reliance, we can now review the sole reviewable issue presented by Allstate.[4]

---

4. Allstate presented an argument in its brief that if this Court assessed liability against Allstate, then claimant should be paid the disability rate applicable to the time when Allstate was employer's insurance carrier. This argument shall not be reviewed by this Court since it is mooted by

### III. DID THE BOARD ERR IN ASSESSING ANY LIABILITY AGAINST ALLSTATE WHEN CLAIMANT'S INJURY WAS A REPETITIVE/CUMULATIVE TRAUMA AND THE DATE OF INJURY OCCURRED DURING THE POLICY COVERAGE OF RELIANCE?

Allstate argues that the Board erred when it assessed liability against Allstate for $170.00 in medical bills that claimant incurred in February of 1989. The Board concluded that Allstate should be responsible for these medical bills, because they were incurred during a time when Allstate was employer's insurance carrier. Allstate submits that Reliance should be responsible for these medical bills, because the referee did not find that a distinct injury had occurred before March 1, 1989, for which Allstate would be liable. We agree.

█ The medical bills incurred by claimant in February of 1989 are related to the injury claimant suffered as of August 17, 1989. Allstate would only be liable for these medical bills, if the referee had found that a distinct or separate injury had occurred during or before February, 1989. The referee, however, found that one injury had occurred and properly identified the injury date as August 17, 1989. Reliance was employer's insurance carrier at that time, and, therefore, Reliance is responsible for all medical costs and compensation benefits which emanate from that injury.

Accordingly, the Board's October 14, 1992 order is reversed with respect to the payment of the $170.00 for services rendered on February 10, 1989 by Moshannon Valley Medical Group. Reliance shall be responsible for payment of this bill and, if Allstate has already paid it, Reliance is ordered to reimburse Allstate. The Board's October 14, 1992 order and its January 29, 1993 order are affirmed in all other respects.

### ORDER

AND NOW, this 12th day of October, 1993, the order of the Workmen's Compensation Appeal Board in the above-cap-

our conclusion that Allstate is not liable for claimant's compensation benefits.

tioned matter is reversed with respect to the payment of the $170.00 for services rendered on February 10, 1989 by Moshannon Valley Medical Group. Reliance Insurance Company shall be responsible for payment of this bill and, if Allstate Insurance Company has already paid it, Reliance Insurance Company is ordered to reimburse Allstate Insurance Company. The Board's October 14, 1992 order and its January 29, 1993 order are affirmed in all other respects.