RODGERS, Senior Judge.
Williamette Industries (Employer) petitions for review of an order of the Workmen’s Compensation Appeal Board (Board) that reversed a referee’s decision denying James E. Lockett’s (Claimant) claim petition. We affirm.
Claimant sustained an injury to his right wrist on November 21,1989. After an x-ray was taken, Claimant’s wrist was wrapped and he went on light duty for two days. During 1989, Claimant had begun experiencing pain and numbness in his wrists and arms. On June 25, 1990, Claimant could no longer work due to a condition diagnosed as carpal tunnel syndrome. Claimant subsequently underwent surgery on his right hand on July 31, 1990, and on his left hand on March 21,1991.
A notice of compensation payable was issued in July, 1990, setting forth an injury date of November 21, 1989, and providing Claimant with total disability benefits at the 1989 maximum rate of $399.00. Employer also provided Claimant with a fifteen cents per mile reimbursement for travel to obtain certain medical treatment.
On February 15, 1991, Claimant filed a claim petition, averring that the date of injury on the notice of compensation payable was incorrectly noted as November 21, 1989. Claimant asserted that his date of disability, June 25,1990, was the proper date of injury; thus, his rate of compensation should be $419.00, the maximum compensation rate for 1990, not the 1989 rate of $399.00. Claimant also claimed that Employer should be required to increase the mileage reimbursement rate to conform to the applicable Internal Revenue Code Standard Mileage Rate (IRCSMR). Finally, Claimant requested attorney’s fees, alleging an unreasonable contest.
After hearing, at which only Claimant testified, the referee concluded that Claimant had failed to carry his burden of proof:
[TJhat his injury occurred at any time other than in 1989; Claimant has failed to sustain his burden of proof to show that Defendant’s voluntary mileage reimbursement rate of 15<t per mile was unreasonable; Claimant has failed to sustain his burden of proof to show that Defendant’s contest of Claimant’s Claim Petition was unreasonable....
(Referee’s Decision, p. 33a.) Based on this conclusion, the referee dismissed the claim petition and Claimant appealed to the Board.
The Board reversed, holding that Claimant’s receipt of total disability benefits should be at the 1990 rate. The Board reasoned *667 that carpal tunnel syndrome, being the type of condition that results in total disability over time, should be evaluated pursuant to Divine Providence Hospital v. Workmen’s Compensation Appeal Board (Bonner), 75 Pa.Commonwealth Ct. 565, 462 A.2d 917 (1983). In Divine Providence, the court held that, in a case where a single incident cannot be identified as the cause of injury, a claimant does not suffer a compensable injury until the claimant leaves his employment, i.e., the date of injury is the last day the claimant worked and is also the date of total disability. See also Refiners Transport and Terminal v. Workmen’s Compensation Appeal Board, 159 Pa.Commonwealth Ct. 48, 632 A.2d 979 (1993). The Board noted that Claimant’s injury in November, 1989, was in fact only an injury to Claimant’s right wrist and that the referee’s Finding of Fact l,[1] concerning the November injury, was not supported by substantial evidence.
The Board also reversed the referee’s denial of an increase in the mileage reimbursement. Deciding only the narrow issue of what constitutes an appropriate rate, the Board followed its own precedent[2] and ordered Employer to pay Claimant mileage reimbursement according to the IRCSMR.
The Board also recognized that, although the referee assigned the burden incorrectly concerning whether attorney’s fees should be awarded for an unreasonable contest, the issue was decided correctly. The determination of a date of injury required litigation.
Employer now appeals to this Court,[3] raising the following issues: (1) whether the Board erred in holding that the date of injury under The Pennsylvania Workmen’s Compensation Act (Act)[4] is the last day a claimant works and the date of total disability; and (2) whether the Board erred in holding Employer responsible for an increased rate of reimbursement, where such reimbursement is voluntary and not required under the Act.[5]
The critical question here is when did Claimant’s injury occur. Employer argues that the incident in November, 1989, is the moment in time that the injury occurred and, thus, the 1989 rates apply. As explained above, the referee’s findings of fact relating to the incident were found by the Board not to be supported by substantial evidence, and we agree.' The only evidence of record concerning the November incident is Claimant’s testimony, wherein he stated:
A In 1989 I complained about pain in my hand. I believe that day they sent me over to the Medical Center, I jammed my wrist, and when I went there, the doctor took x-rays. He thought maybe I had a chipped bone in my wrist, and he took x-rays, everything looked fine. He said, T think you have a bad bruise, let’s wrap it up and you should be all right.’ I think I went on light duty for two days, and I did mention the thought that perhaps could this possibly be carpal tunnel. He said, ‘No.’ He said, ‘The only way you can tell something like that is through an EMG.’
Q So, you went back to work?
A Correct.
(Hearing 9/19/91, p. 5.) Claimant went on to explain that he did not seek further treatment until April, 1990, when he sought relief from the worsening pain and numbness in both wrists. Claimant also indicated that the *668 pain in his wrists had preceded the November incident.
Employer does not contest that Claimant suffers from carpal tunnel syndrome. Because carpal tunnel syndrome is a work-related injury that is insidious in origin and progresses much like an occupational disease, we look to continuous trauma cases, examining how the court has treated them with reference to identifying the date of “injury.” See USAir, Inc. v. Workmen’s Compensation Appeal Board (Schwarz), 160 Pa.Commonwealth Ct. 100, 634 A.2d 714 (1993) (McGinley, J., concurring). Although the issue raised in USAir and the cases cited therein concern a claimant’s timely notice to the employer of a work-related injury, Judge McGinley’s concurring opinion makes clear that “continuous trauma cases are generally treated as repeated new injuries or aggravations. The last day of employment or the last day of work before medical treatment is usually identified as the date of ‘injury.’” Id. at 120, 634 A.2d at 724.
Employer cites various cases[6] explaining that, where the identification of an injury at a particular moment in time is precluded, this Court has ruled that the date of injury coincides with the date of disability but that, where a single incident can be identified as the moment when the injury occurred, this Court has rejected the linking of disability with the date of injury. Employer’s statement of the law is correct, but its reliance on these eases is misplaced.
This Court’s conclusion that the referee’s finding concerning the November, 1989 incident was not based on substantial evidence, taken together with the unrefuted evidenee that Claimant suffered from carpal tunnel syndrome which was not diagnosed until 1990, leads to a logical conclusion: Claimant’s last day of work following his diagnosis of a type of continuous trauma injury is the correct date of “injury.” Therefore, the Board’s determination that the 1990 rates should apply is affirmed.
Next Employer argues that the Board ignored Helen Mining v. Workmen’s Compensation Appeal Board (Tantlinger), 151 Pa.Commonwealth Ct. 242, 616 A.2d 759 (1992), when it ordered Employer to pay Claimant the IRCSMR for travel reimbursement rather than the rate Employer was allegedly paying voluntarily. Specifically, Employer contends that the travel costs incurred by Claimant are local travel expenses and that, pursuant to Helen Mining, Employer cannot be required to reimburse these costs. Employer also contends that the Board erred in limiting the issue to the rate of reimbursement and in not addressing Employer’s liability to pay these costs. Employer alleges that the Board improperly shifted the burden to Employer to disprove Claimant’s claim for reimbursement.
As noted by the Board and after our review of the record, we find that the question of Employer’s liability for travel expense reimbursement was not before the referee; thus, it was waived.[7] The narrow issue before the referee concerned only whether the rate paid by Employer was appropriate. The referee characterized the fifteen cents per mile reimbursement as an amount that Employer deemed reasonable and refused in the absence of guidelines to order Employer *669 to pay more without proof from Claimant that this amount was unreasonable. Following its own precedent, the Board reversed and applied the IRCSMR, indicating that unless a party provides evidence that a claimant’s expenses are different from the IRCSMR, that standard rate will apply. We defer to the Board in this regard, finding no reason that its reliance on the IRCSMR should be overturned.
Accordingly, the Board’s order is affirmed.

ORDER

NOW, August 29, 1994, the order of the Workmen’s Compensation Appeal Board, dated January 31, 1994, at A93-1281, is affirmed.
FRIEDMAN, J., concurs in result only.

. The referee's Finding of Fact No. 1 states in pertinent part:
1. On or about November 21, 1989 Claimant sustained a work related injury described as carpal tunnel syndrome and Claimant was paid compensation for said injury....

. The Board has previously addressed this issue in various unpublished opinions.

. Our scope of review in a workmen’s compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Russell v. Workmen’s Compensation Appeal Board (Volkswagen of America), 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1-1031.

. At the time Employer filed the present appeal, it also requested reargument before the Board. The Board, in an opinion and order dated April 20, 1994, denied Employer's request.

. Leber v. Workmen's Compensation Appeal Board (Yellow Freight Systems), 156 Pa.Commonwealth Ct. 491, 628 A.2d 481 (1993); Brooks v. Workmen’s Compensation Appeal Board (Anchor Glass Container), 155 Pa.Commonwealth Ct. 248, 624 A.2d 821, petition for allowance of appeal denied, 536 Pa. 631, 637 A.2d 291 (1993); Divine Providence.

. The waiver doctrine:
[E]nsure[s] that the tribunal with initial jurisdiction is presented with all cognizable issues. In the workmen’s compensation adjudicatory system, the referee represents the tribunal with initial jurisdiction to which all cognizable issues must be presented.... Appeals are taken on the basis of the record produced before the referee, and that record is necessarily limited to the claim petition, the answer and the evidence .... It follows that legal issues and facts not presented to the referee cannot be asserted on appeal without sacrificing the integrity, efficiency and orderly administration of the workmen’s compensation scheme of redress for work-related injury and occupational disease.
General Electric Co. v. Workmen’s Compensation Appeal Board (Valsamaki), 140 Pa.Commonwealth Ct. 461, 465, 593 A.2d 921, 923, petition for allowance of appeal denied, 529 Pa. 626, 600 A.2d 541 (1991) (citation omitted).